FILED
2011 Feb-23  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| PLASH ISLAND RESORT, LLC )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>BP P.L.C.; BP AMERICA INC.; BP )<br>PRODUCTS NORTH AMERICA, )<br>INC.; BP AMERICA PRODUCTION )<br>COMPANY; BP EXPLORATION )<br>& PRODUCTION INC.; )<br>ANADARKO PETROLEUM )<br>CORPORATION; ANADARKO )<br>E&P COMPANY, LP; MOEX )<br>OFFSHORE 2007, LLC; )<br>TRANSOCEAN LTD.; )<br>TRANSOCEAN DEEPWATER, )<br>INC.; TRANSOCEAN OFFSHORE )<br>DEEPWATER DRILLING, INC.; )<br>TRANSOCEAN HOLDINGS, LLC; )<br>TRITON ASSET LEASING GMBH; )<br>HALLIBURTON ENERGY )<br>SERVICES, INC.; M-I, LLC; )<br>DRILLQUIP, INC.; CAMERON )<br>INTERNATIONAL )<br>CORPORATION F/K/A COOPER )<br>CAMERON CORPORATION; )<br>JOHN AND JANE DOES A-Z; )<br>and CORPORATIONS A-Z. )<br>)<br>　　Defendants. ) | Civil Action No.: _____ |

## NOTICE OF REMOVAL

Defendant Cameron International Corporation ("Cameron") files this Notice

of Removal of this action from the Circuit Court of Jefferson County, Alabama, to

{B1260649}

the United States District Court for the Northern District of Alabama, Southern Division. As grounds for this removal, Cameron states as follows:

**Introduction**

1. On January 17, 2011, Plaintiff Plash Island Resort, LLC ("Plash") filed a Third-Party complaint in the Circuit Court for Jefferson County naming the Defendants above as third-party defendants.[1]

2. Cameron was served with the summons and third-party complaint on January 24, 2011. A true and correct copy of all pleadings, process and orders served upon Cameron is attached hereto as "Exhibit 1."

3. On February 3, 2011, the Jefferson County Circuit Court entered an order severing the third-party claim from the original action[2] and directing the clerk of court to assign a new case number after the Third-Party Plaintiff paid its filing fee.[3]

4. As of the date of this Notice of Removal, the severed matter has not been assigned a new civil action number by the Jefferson County clerk of court—presumably because the filing fee is unpaid—and Plash's claims remain in limbo.

---

[1] In the interests of clarity here, the Third-Party Plaintiff and Third-Party Defendants are referred to as Plaintiff and Defendants as they will be when the state-court clerk assigns a new civil action number to the severed action.

[2] A severance pursuant to Ala. R. Civ. P. 21 creates an entirely new action, just as if it had never been part of the original action. *Key v. Robert M. Duke Ins. Agency*, 340 So. 2d 781, 783 (Ala. 1976).

[3] *See* February 3, 2011, Order attached as Exhibit 2.

5. In its Third-Party Complaint, Plash asserts claims against the Defendants arising from the *Deepwater Horizon* accident in the Gulf of Mexico and the oil spill that followed. Cameron denies Plash's allegations.

6. As Plaintiff asserts in its Complaint: "Jurisdiction is proper in this Court and under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs."[4]

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b) and (c) because the claims asserted arise under federal statutes. As recognized by the severance order, Plash Island's claims are separate and independent from any claims by Synovus Bank.

8. Removal is timely because it occurred within thirty (30) days of the date that Cameron was served with a copy of the Summons and the Third-Party Complaint.[5]

## Legal Argument In Support Of Removal Jurisdiction

**1. Diversity Jurisdiction.**

---

[4] Third-Party Complaint, ¶ 5.

[5] Cameron believes that the time for removal should not begin on the date is was served with the Summons and Third-Party Complaint. Instead, the removal deadline should begin to run from the inception of the new action following the trial Court's severance of third-party complaint from the original complaint. Either way, the issue is moot because this removal is filed within thirty days of the more conservative deadline.

3

{B1260649}

A.  *As Plaintiff alleges, the parties are completely diverse.*

9. Plash Island Resorts, LLC is a limited liability company organized under the laws of the State of Alabama, with its principal place of business in Baldwin County, Alabama.[6]

10. Neither Cameron nor any other named Defendant is a citizen of Alabama.[7]

11. The fictitious parties named in this case are due to be disregarded for jurisdictional and removal purposes in accordance with 28 U.S.C. § 1441(a).

12. As required by 28 U.S.C. § 1332(a) and (c), complete diversity exists between the parties. Removal of this case is proper under 28 U.S.C. § 1441(a).

B.  *As Plaintiff concedes, the amount in controversy exceeds $75,000.00.*

13. Pursuant to the plain language of the Third-Party Complaint, Plash has placed an amount in controversy far in excess of the monetary minimum necessary to invoke the diversity subject matter jurisdiction of this Court: "the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs."[8]

---

[6] Third-Party Complaint, ¶ 7.

[7] *See* Third-Party Complaint, ¶¶ 9-13, 16-18, 22-32.

[8] Third-Party Complaint, ¶ 5.

14. In addition, the Third-Party Complaint contains prayer for relief requesting judgment for economic and compensatory damages; punitive damages; pre judgment and post judgment interest; attorney's fees and costs of litigation; and such other further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.[9]

15. Nowhere does Plash limit or attempt to limit the aggregate amount of damages that it seeks in this action. On the contrary, Plaintiff seeks economic losses, "stigma damages," diminution of property values to individuals and entities, loss of use and enjoyment of property, and pollution. For these reasons, there can be no dispute that Plash has placed more than $75,000.00 in controversy.

## 2. Federal Question Jurisdiction

In addition to the diversity jurisdiction pled on the face of Plaintiff's Third-Party Complaint, this Court possesses subject matter jurisdiction based on the claims arising under the laws of the United States.[10]

### A. *The Outer Continental Shelf Land Act provides a basis for removal*

16. The Third-Party complaint alleges that this case arises out of the oil spill from the *Deepwater Horizon* on the outer Continental Shelf.[11]

---

[9] *See* Third-Party Complaint, Prayer for Relief.

[10] 28 U.S.C. § 1331.

[11] Third-Party Complaint, ¶ 1.

17. Plaintiff alleges that "BP, along with Defendants, Anadarko, Anadarko LP, and MOEX, was the holder of the Mississippi Canyon Block 252 lease, allowing it to drill for oil and perform oil-production related operations at the Macondo prospect lease where the Oil Spill originated."[12]

18. The lease referenced in Plaintiff's Third-Party Complaint is situated wholly on submerged lands on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a). Those lands lie seaward and outside the area of lands beneath navigable waters as defined in 43 U.S.C. § 1301. The lease covers submerged lands of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control.

19. Moreover, Plash's state court action arises out of, and has a connection with, an operation that was conducted on the outer Continental Shelf within the meaning of 43 U.S.C. §§ 1331(a) and 1301(a) and that involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals.[13]

20. The district courts of the United States have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or

---

[12] Third-Party Complaint, ¶ 15.

[13] *See* 43 U.S.C. § 1349(b)(1).

production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals.[14]

21. This Court, therefore, has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

22. 28 U.S.C. §§ 1331 and 1441(b) provide for removal and a basis for subject matter jurisdiction because the claims arise under a federal statute—the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* Moreover, the Plash Island claims arise under federal law by reason of the Outer Continental Shelf Lands Act and are subject to the exclusive jurisdiction of the federal courts under the provisions of 43 U.S.C. § 1331 for several reasons, including the nexus of this case to a federal enclave.

B.  *Federal jurisdiction is also proper because of the Oil Pollution Act of 1990.*

23. This Court also has original jurisdiction over this action because the Plaintiff's claims arise from the *Deepwater Horizon* and the oil spill in the Gulf of Mexico that followed.[15] Because the claims arise out of an oil spill on federal property in international waters, the Oil Pollution Act of 1990 governs the claims.

---

[14] *See* 43 U.S.C. § 1349(b)(1).

[15] Third-party Complaint, ¶ 1.

7

{B1260649}

Plash's artful pleading should not avoid the mandatory and exclusive provisions of the OPA.[16]

24. Exclusive original jurisdiction lies with the federal courts for claims within the reach of the Oil Pollution Act, irrespective of the citizenship of the parties or the amount in controversy.[17] It follows that the Oil Pollution Act of 1990 provides additional grounds for removal.

### 3. Procedural requirements are satisfied and this removal is proper.

25. All Third-Party Defendants served with the Third-Party Complaint consent to the removal of this case. Plash Island Resorts, LLC, advised counsel for Cameron that it will not withhold its consent. Copies of each defendant's Consent and Joinder in Removal are collectively attached to this Notice as Exhibit 3.

26. Venue is also proper in this Court for this removed action pursuant to 28 U.S.C. § 1446(a) as the District Court for the Northern District of Alabama, Southern Division, is located in the district in which the state court action is pending.

27. A true and correct copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Jefferson County, Alabama.[18]

---

[16] *See Gabarick v. Laurin Maritime (America) Inc.*, 623 F. Supp. 2d 741, 745 (E.D. La. 2009).

[17] 33 U.S.C. § 2717(b).

[18] 28 U.S.C. § 1446(d).

{B1260649}

28. Cameron is providing written notice of the filing of this Notice of Removal to all adverse parties.[19]

## Conclusion

29. As complete diversity of citizenship exists between the parties to this action, and the amount in controversy exceeds $75,000 exclusive of interest and costs, this action is properly removable.

30. In addition, Plaintiff's Complaint asserts claims involving questions of federal statutes and removal is proper on that basis.

31. By filing this notice of removal, Cameron does not waive any claim or defense that may be available to it, including its right to contest jurisdiction, process, or service.

32. Cameron respectfully request that this Court allow it the opportunity to brief and argue before this Court any issue or question concerning the removal of this case in the event that remand is sought by Plash or otherwise visited by the Court.

Respectfully submitted on this the 22nd day of February, 2011.

---

[19] 28 U.S.C. § 1446(d).

/s/ Bryan Hale
Randal H. Sellers
Bar Number: (SELLR3398)
M. Warren Butler
Bar Number: (BUTLM3190)
Bryan G. Hale
Bar Number: (HALEB6964)
Attorneys for Defendant Cameron
International Corporation
Starnes Davis Florie LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail:   rhs@starneslaw.com
          mwb@starneslaw.com
          bgh@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing to be electronically filed on February 22, 2011, using the Court's CM/ECF system which will send notification of such filing to the following or by placing the same in the United States mail, properly addressed, first class postage prepaid to the following:

M. Shane Lucado
Lucado Law Firm
One Perimeter Park South, Suite 125 S
Birmingham, Alabama 35243

*Attorney for Third-Party Plaintiff*

John M. Johnson
Adam K. Peck
William H. Brooks
Marchello D. Gray
LIGHTFOOT FRANKLIN & WHITE, LLC
400 North 20th Street
Birmingham, Alabama 35203

10

{B1260649}

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kristopher Ritter
KIRKLAND & ELLIS, LLP
300 North LaSalle Street
Chicago, Illinois 30654

Jeffrey Clark
Aditya Bamzai
KIRKLAND & ELLIS, LLP
655 Fifteenth St., N.W.
Washington, DC 20005-5793

*Attorneys for BP Exploration & Production, Inc.; BP America, Inc.; BP Products North America, Inc.; and BP America Production Company*

Joel M. Kuehart
Sid J. Trant
R. Thomas Warburton
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

James J. Dragna
BINGHAM MCCUTCHEN
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106

Ky E. Kirby
Michael B. Wigmore
Warren Anthony Fitch
BINGHAM MCCUTCHEN
2020 K Street, NW
Washington, DC 20006-1806

*Attorneys for Anadarko Petroleum Corporation, Anadarko E&P Company, LP, MOEX Offshore 2007 LLC*

Blane H. Crutchfield
Douglas L. McCoy
HAND ARENDALL, LLC
P.O. Box 123
Mobile, Alabama 36601

*Attorneys for Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Holdings, LLC; and Triton Asset Leasing GMBH*

Donald E. Godwin
Bruce W. Bowman, Jr.
Jenny L. Martinez
Floyd R. Hartley, Jr.
Gavin E. Hill
GODWIN RONQUILLO PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

Robert Alan York
Jerry C. von Sternberg
GODWIN RONQUILLO PC
1331 Lamar, Suite 1665
Houston, Texas 77010

John N. Leach
Joseph P. H. Babington
Russell C. Buffkin
HELMSING, LEACH, HERLONG, NEWMAN & ROUSE, P.C.
P.O. Box 2767
Mobile, Alabama 36652

*Attorneys for Halliburton Energy Services, Inc.*

Don Jackson
WARE, JACKSON, LEE, CHAMBERS
America Tower, 42nd Floor
2929 Allen Parkway
Houston, Texas 77019

{B1260649}

Lee Kaplan
SMYSER, KAPLAN & VESELKA, LLP
Bank of America Center
700 Louisiana, Suite 2300
Houston, Texas 77002

*Attorneys for Dril-Quip, Inc.*

Hugh E. Tanner
MORGAN, LEWIS & BOCKIUS L.L.P.
1000 Louisiana
Suite 4000
Houston, Texas 77002-5007

*Attorneys for M-I, LLC*

_____
Of Counsel