FILED

ELECTRONICALLY FILED 2011 Feb-23  PM 04:13
10/4/2010 4:40 PM       U.S. DISTRICT COURT
CV-2010-902180.00     N.D. OF ALABAMA
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | )   **CV-2010-902180.00** |
| PLASH ISLAND RESORT, LLC, an | ) consolidated with CV-2010-02186 |
| | ) |
| Alabama Limited Liability Company, et al., | ) |
| | ) |
|     Defendant. | ) |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Please take notice that on the 4th day of October, 2010, the following was served on all parties to this cause.

### PLAINTIFF SYNOVUS BANK'S PRELIMINARY OBJECTIONS TO DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION

Respectfully submitted by,

/s/ Brian R. Walding
Brian R. Walding (WAL177)
Walding, LLC
505 20th Street North
Suite 620
Birmingham, Alabama 35203
(205) 307.5050
(205) 307.5051 (facsimile)

/s/ Joe A. Joseph
Joe A. Joseph (JOS004)
Damon P. Denney (DEN019)
Clifton C. Mosteller (MOS035)
Burr & Forman LLP
420 North 20th Street
3400 Wachovia Tower
Birmingham, Alabama 35203
(205) 251.3000
(205) 458.5100 (facsimile)

Attorneys for SYNOVUS BANK

{00012428.DOC.}

1

## CERTIFICATE OF SERVICE

I hereby certify that an original of the above and foregoing has been served upon the following counsel by placing an original of same in the U.S. Mail, first-class postage prepaid and properly addressed or via electronic mail or hand delivery to:

Amy M. Hazelton
Benton and Centeno, LLP
2019 Third Ave. North
Birmingham, Alabama 35203

Lee R. Benton
Benton and Centeno, LLP
2019 Third Ave. North
Birmingham, Alabama 35203

on this the 4th day of October, 2010.

/s/ Brian R. Walding
Of Counsel

{00012428.DOC }

 **AlaFile E-Notice**

01-CV-2010-902180.00

To: BRIAN R. WALDING
bwalding@waldinglaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

*The following discovery was FILED on 10/4/2010 4:41:39 PM*

Notice Date:    10/4/2010 4:41:39 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**

To:  DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 10/4/2010 4:41:39 PM

Notice Date:     10/4/2010 4:41:39 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 10/4/2010 4:41:39 PM

Notice Date:     10/4/2010 4:41:39 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To:  JOSEPH JOE ALAN
     jjoseph@burr.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
*01-CV-2010-902180.00*

The following discovery was FILED on 10/4/2010 4:41:39 PM

Notice Date:    10/4/2010 4:41:39 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

*The following discovery was FILED on 10/4/2010 4:41:39 PM*

Notice Date:     10/4/2010 4:41:39 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To:  BENTON LEE RIMES
     lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL**
**01-CV-2010-902180.00**

*The following discovery was FILED on 10/4/2010 4:41:39 PM*

Notice Date:     10/4/2010 4:41:39 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To:  HAZELTON AMY MAY
ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

### SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
### 01-CV-2010-902180.00

The following discovery was FILED on 10/4/2010 4:41:39 PM

Notice Date:     10/4/2010 4:41:39 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: BARZE RONALD BRUCE JR
bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 10/4/2010 4:41:39 PM

Notice Date:     10/4/2010 4:41:39 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 10/4/2010 4:41:39 PM

Notice Date:     10/4/2010 4:41:39 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:   JOSEPH JOE ALAN
jjoseph@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:      10/6/2010 5:26:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:     10/6/2010 5:26:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  BENTON LEE RIMES
     lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:      10/6/2010 5:26:03 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: HAZELTON AMY MAY
    ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

*IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA*

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL**
**01-CV-2010-902180.00**

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:    10/6/2010 5:26:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:   BARZE RONALD BRUCE JR
      bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

*The following matter was FILED on 10/6/2010 5:26:03 PM*

Notice Date:      10/6/2010 5:26:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

*Judge:* NICOLE GORDON STILL

To:  ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:      10/6/2010 5:26:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:       10/6/2010 5:26:03 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 10/6/2010 5:26:03 PM

Notice Date:     10/6/2010 5:26:03 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov


ELECTRONICALLY FILED
11/2/2010 2:28 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT FOR BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case Number: 2010-902180,   previously** |
| v. | )            **consolidated   with    CV** |
| | )            **2010-902186-GWN** |
| PLASH ISLAND RESORT, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SERVICE OF SYNOVUS BANK'S RESPONSE TO DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION TO SYNOVUS BANK

**COMES NOW** Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with First Commercial Bank, and also formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust, a Florida Bank state bank, d\b\a Coastal Bank and Trust (collectively "Synovus" or "Plaintiff") by and through its undersigned counsel, and hereby gives notice to this Court that, pursuant to ALA. CIV. P. R. 69(g), it has served *Synovus Bank's Response to Defendants' Interrogatories and Request for Production to Synovus Bank* upon defendants Keith Rotenberry, Lewis M. Lockhart, Richard D. Rowe, Nikolaos Manakides, Rickey L. Lockhart, William R. Ivey, Michael W. McCain, Christopher Andrew Yarborough, Alan Howard, Curtis Harper, and Clark Parker by United States first class mail on this the 2nd day of November 2010

/s/ Clifton C. Mosteller

Clifton C. Mosteller, Attorney for Synovus Bank

1872888 v1

**OF COUNSEL:**

Burr & Forman LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000
cmostell@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Service of Synovus Bank's Response to Defendants' Interrogatories and Request for Production to Synovus Bank* has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by United States first class mail on this the 2nd day of November 2010:

Plash Island Resort LLC
c/o Joseph F Yarborough, Jr.
396 West 23rd Avenue
Gulf Shores, AL 36542

Lee R. Benton
Amy Hazelton
Attorneys for Keith Rotenberry, Lewis M.
Lockhart, Richard D. Rowe, Nikolaos
Manakides, Rickey L. Lockhart, William R.
Ivey, Michael W. McCain and Christopher
Andrew Yarborough
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000 Telephone
(205) 278-8008 Facsimile
lbenton@bcattys.com
ahazelton@bcattys.com

R. Bruce Barze, Jr.
Amy Davis Adams
counsel for The Estate of Gary L. Marcrum, Sr.
and Marcrum Development, L.L.C.
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203

/s/ Clifton C. Mosteller
OF COUNSEL

1872888 v1                2



**AlaFile E-Notice**

01-CV-2010-902180.00

To:  CLIFTON C. MOSTELLER
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:      11/2/2010 2:28:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To:  DENNEY DAMON PATRICK
     420 20TH ST N STE 3400
     BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:      11/2/2010 2:28:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**

To: PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

-

Notice Date:        11/2/2010 2:28:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To:  JOSEPH JOE ALAN
     jjoseph@burr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:     11/2/2010 2:28:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**

To:  MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:     11/2/2010 2:28:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: BENTON LEE RIMES
lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:     11/2/2010 2:28:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: HAZELTON AMY MAY
ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

### SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
### 01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:     11/2/2010 2:28:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**

To:  BARZE RONALD BRUCE JR
     bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

*The following discovery was FILED on 11/2/2010 2:28:22 PM*

Notice Date:     11/2/2010 2:28:22 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

To: ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following discovery was FILED on 11/2/2010 2:28:22 PM

Notice Date:     11/2/2010 2:28:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
11/12/2010 4:35 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **SYNOVUS BANK,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | ) **CIVIL ACTION NO.:** |
| **PLASH ISLAND RESORT LLC,** | ) **CV 2010-902180 HLB** |
| **ROTENBERRY KEITH,** | ) |
| **LOCKHART LEWIS M.,** | ) |
| **ROWE RICHARD D., et al,** | ) |
| **Defendants.** | ) |

## ORDER TRANSFERRING CASE TO COMMERCIAL LITIGATION DOCKET

Upon due consideration of the Motion for Assignment to the Commercial

Litigation Docket filed herein on September 1, 2010, the same is hereby **GRANTED** and

the above referenced matter is hereby referred to the Presiding Judge, J. Scott Vowell, for

his assessment of the suitability of this cause to be transferred to the Commercial

Litigation Docket. The Circuit Clerk is hereby **ORDERED and DIRECTED** to refer

this matter to Judge Vowell immediately.

**DONE** this 12th day of November, 2010.

/s HOUSTON L. BROWN
**CIRCUIT JUDGE**



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To: JOSEPH JOE ALAN
jjoseph@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:     11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:      11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

*Judge:* NICOLE GORDON STILL

To:   BENTON LEE RIMES
      lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:      11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
*anne-marie.adams@alacourt.gov*



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: HAZELTON AMY MAY
ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

*The following matter was FILED on 11/12/2010 4:35:09 PM*

Notice Date: 11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**
Judge: NICOLE GORDON STILL

To: BARZE RONALD BRUCE JR
bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:     11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:     11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:      11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

 **AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 11/12/2010 4:35:09 PM

Notice Date:     11/12/2010 4:35:09 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/9/2010 9:23 AM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CIVIL DIVISION

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | **CV 2010-902180** |
| PLASH ISLAND RESORT, LLC., et al., | ) | |
| DEFENDANTS. | ) | |

### ORDER TRANSFERRING CASE TO COMMERCIAL LITIGATION DOCKET.

When this case was filed it was randomly assigned by the Circuit Clerk to Circuit Judge Houston L. Brown. Judge Brown has asked for the case to be transferred to the Commercial Litigation Docket. After consulting with Judge Vance, it has been determined that this is an appropriate case for that special docket, as established by Administrative Order 2009-23.

Upon consideration, it is therefore **Ordered and Adjudged** that the Circuit Clerk will transfer this case from the docket of Judge Houston L. Brown, to the Commercial Litigation Docket supervised by Judge Robert Vance and that the Judicial Identification Number (JID) will be changed from HLB to CLD.

**Done and ordered, this the 8th day of December, 2010.**

J. SCOTT VOWELL, PRESIDING JUDGE



**AlaFile E-Notice**

**01-CV-2010-902180.00**
Judge: NICOLE GORDON STILL

To:  JOSEPH JOE ALAN
jjoseph@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:      12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
*CIRCUIT COURT CLERK*
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**

*Judge:* NICOLE GORDON STILL

To: MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00**

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:     12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
*anne-marie.adams@alacourt.gov*



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: BENTON LEE RIMES
lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:     12/9/2010 9:23:10 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**
*Judge: NICOLE GORDON STILL*

To: HAZELTON AMY MAY
ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL**
**01-CV-2010-902180.00**

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:     12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
*anne-marie.adams@alacourt.gov*

 **AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  BARZE RONALD BRUCE JR
bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL**
**01-CV-2010-902180.00**

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:      12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To: ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:     12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**

*Judge:* NICOLE GORDON STILL

To:  DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:      12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:23:10 AM

Notice Date:     12/9/2010 9:23:10 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
12/9/2010 9:48 AM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

SYNOVUS BANK,                               )
Plaintiff,                                  )
                                            )
V.                                          )  Case No.:  CV-2010-902180.00
                                            )
PLASH ISLAND RESORT LLC,                    )
ROTENBERRY KEITH,                           )
LOCKHART LEWIS M.,                          )
ROWE RICHARD D. ET AL,                      )
Defendants.                                 )

## ORDER

A **status conference** is hereby set for **Tuesday, January 11, 2011 at 8:30 a.m.** in Courtroom 330, Jefferson County Courthouse, Birmingham, Alabama. Please mark your calendars accordingly.

Attendance in "business casual" attire is permitted.

**DONE this 9ᵗʰ day of December, 2010.**

                        **/s ROBERT S. VANCE** _____
                        **CIRCUIT JUDGE**



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  JOSEPH JOE ALAN
     jjoseph@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: *NICOLE GORDON STILL*

To:  MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-CV-2010-902180.00**
Judge: NICOLE GORDON STILL

To: BENTON LEE RIMES
lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: HAZELTON AMY MAY
ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

*IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA*

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL**
**01-CV-2010-902180.00**

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

*205-325-5355*
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: BARZE RONALD BRUCE JR
bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

*IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA*

**SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL**
**01-CV-2010-902180.00**

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

**ANNE-MARIE ADAMS**
*CIRCUIT COURT CLERK*
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

*205-325-5355*
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To:  ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:      12/9/2010 9:48:25 AM

**ANNE-MARIE ADAMS**
*CIRCUIT COURT CLERK*
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 12/9/2010 9:48:25 AM

Notice Date:     12/9/2010 9:48:25 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse, so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)* F HILL  C. Date of Delivery 1-7Y-C(<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>BP, PLC<br>C/O CT CORP SYSTEMS<br>1200 SOUTH PINE ISLAND RD<br>PLANTATION, FL 33324 | T H<br>CVID · 902180 · JE PH<br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*  7009 1680 0001 9567 2751 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

JAN 3 1 2011

ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203


ELECTRONICALLY FILED
1/12/2011 8:58 AM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

SYNOVUS BANK,           )
Plaintiff,                 )
                            )
V.                       ) Case No.: CV-2010-902180.00
                            )
PLASH ISLAND RESORT LLC,    )
ROTENBERRY KEITH,         )
LOCKHART LEWIS M.,        )
ROWE RICHARD D. ET AL,     )
Defendants.             )

### ORDER

The **status conference** previously set for Tuesday, January 11, 2011 at 8:30 a.m. is hereby continued to **Thursday, January 13, 2011 at 2:00 p.m. Please mark your calendars accordingly.**

**DONE this 12th day of January, 2011.**

                                    **/s ROBERT S. VANCE**
                                    **CIRCUIT JUDGE**



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To: JOSEPH JOE ALAN
jjoseph@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:     1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

*Judge: NICOLE GORDON STILL*

To:  MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:      1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
*anne-marie.adams@alacourt.gov*



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  BENTON LEE RIMES
     lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:     1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  HAZELTON AMY MAY
ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:     1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  BARZE RONALD BRUCE JR
bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:     1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To:  ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:     1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:    1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/12/2011 8:58:03 AM

Notice Date:     1/12/2011 8:58:03 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/13/2011 2:57 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

|  |  |  |
|---|---|---|
| SYNOVUS BANK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No.:**  CV-2010-902180.00 |
| | ) | |
| PLASH ISLAND RESORT LLC, | ) | |
| ROTENBERRY KEITH, | ) | |
| LOCKHART LEWIS M., | ) | |
| ROWE RICHARD D., | ) | |
| MANAKIDES NIKOLAOS, | ) | |
| LOCKHART RICKEY L. ET AL, | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to this afternoon's hearing, another hearing on any pending motions before this court is hereby set for **Tuesday, March 15, 2011 at 8:30 a.m.** Please mark your calendars accordingly.

DONE this 13th day of January, 2011.

/s ROBERT S. VANCE

CIRCUIT JUDGE



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  JOSEPH JOE ALAN
jjoseph@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:      1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: MOSTELLER CLIFTON CHARLES
clifton.mosteller@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:     1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To: BENTON LEE RIMES
lbenton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:     1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To:  HAZELTON AMY MAY
     ahazelton@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:     1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To:  BARZE RONALD BRUCE JR
bbarze@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:    1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00
Judge: NICOLE GORDON STILL

To: ADAMS AMY DAVIS
aadams@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:     1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

Judge: NICOLE GORDON STILL

To:  DENNEY DAMON PATRICK
420 20TH ST N STE 3400
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:     1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2010-902180.00

*Judge: NICOLE GORDON STILL*

To: PLASH ISLAND RESORT LLC (PRO SE)
C/O JOSEPH F YARBOROUGH
374 WEST CANAL DRIVE
GULF SHORES, AL 36542

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK v. PLASH ISLAND RESORT LLC ET AL
01-CV-2010-902180.00

The following matter was FILED on 1/13/2011 2:57:28 PM

Notice Date:     1/13/2011 2:57:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| **STATE OF ALABAMA** Unified Judicial System | Revised 3/5/08 | | Case | ELECTRONICALLY FILED 1/14/2011 4:38 PM CV-2010-902180.00 CIRCUIT COURT OF |
|---|---|---|---|---|
| 01-JEFFERSON - BIRMINGHAM | ☐ District Court  ☑ Circuit Court | | | CV2010902EFBERSON COUNTY, ALABAMA ANNE-MARIE ADAMS, CLERK |

**CIVIL MOTION ~~COVER SHEET~~**

| SYNOVUS BANK V. PLASH ISLAND RESORT LLC ET AL | Name of Filing Party: C001 - SYNOVUS BANK |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented. | ☐ Oral Arguments Requested |
|---|---|
| CLIFTON C. MOSTELLER | |
| 41 WEST I-65 SERVICE ROAD NORTH SUITE 400 MOBILE, AL 36608 | |
| Attorney Bar No.:  MOS035 | |

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☑ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend  ☐ Change of Venue/Transfer  ☐ Compel  ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue  ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator  ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds  ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine  ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement  ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial  ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite  ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction  ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash  ☐ Release from Stay of Execution |
| | ☐ Sanctions  ☐ Sever |
| ☐ Local Court Costs $ _____ | ☐ Special Practice in Alabama  ☐ Stay |
| | ☐ Strike  ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify  ☐ Withdraw |
| | ☐ Other _____  pursuant to Rule _____  (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 1/14/2011 4:36:52 PM | Signature of Attorney or Party: /s CLIFTON C. MOSTELLER |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in tact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/14/2011 4:38 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Case No. 2010-902180, previously** |
| | )  **consolidated with CV-2010-902186-GWN** |
| PLASH ISLAND RESORT, LLC, et al. | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MOTION FOR DEFAULT JUDGMENT AGAINST PLASH ISLAND RESORT, LLC

**COMES NOW,** Plaintiff, Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust of Florida, d\b\a Coastal Bank and Trust (collectively "Synovus" or "Plaintiff"), by and through its undersigned counsel, and pursuant to ALA. R. CIV. P. 55(b), moves this Court to enter judgment by default against Plash Island Resort, LLC ("Plash Resort") for failure to plead, appear, or otherwise defend itself against Synovus' complaint (the "Complaint") in the above-styled action (this "Motion"). As grounds for this Motion, Synovus relies on (i) the docket in this case ("Docket") attached hereto as **Exhibit A**; (ii) the *Affidavit of Joel Bodiford* (the "Bodiford Aff.") attached hereto as **Exhibit B**; (iii) the *Affidavit of Attorney in Support of Motion for Default Judgment* executed by Clifton C. Mosteller (the "Mosteller Aff.") attached hereto as **Exhibit C;** and (iv) the pleadings before this Court, and states as follows:

1.      On August 20, 2010, a summons and a copy of the Complaint were served on Plash Resort by certified mail. *See* Docket, **Ex. A.**

2.      More than thirty (30) days have elapsed since the date on which Plash Resort was served with the summons and a copy of the Complaint. See **Docket, Ex. A.**

1865151 v1

3.     Plash Resort has failed to answer or otherwise defend against Synovus' Complaint per ALA R. CIV. P 12.

4.     On March 15, 2005, Plash Resort executed a promissory note, as amended or renewed from time to time, (collectively the "Note") in favor of Synovus pursuant to which Plash Resort promised to pay to Synovus the sum of Five Million Four Hundred Thousand and 00/100 Dollars ($5,400,000.00). *See* **Bodiford Aff.**

5.     Plash Resort failed to make payments of principal and interest under the Note when due; therefore, Plash Resort has materially breached the terms of the Note.

6.     As a result, Synovus has accelerated all obligations under the Note and all obligations under the Note are due and payable in full. *See* **Bodiford Aff.**

7.     As of December 6, 2010, the amount owed to Synovus under the Note is $5,402,964.44, exclusive of attorney's fees and costs. Interest continues to accrue at the per diem rate of $795.20. *See* **Bodiford Aff.**

8.     The Note provides that Synovus is entitled to recover attorneys' fees and expenses in connection with enforcement of its rights under those documents and in connection with collection of any outstanding sums owed by the Plash Resort. *See* **Bodiford Aff.**

9.     As of January 11, 2011, the fees and expenses incurred by Synovus for legal services performed by Burr & Forman LLP in connection with this action total $46,880.62. Further, Synovus is expected to incur additional fees and expenses in connection with the execution of the default judgment. Such additional fees and expenses will exceed $46,880.62. *See* **Mosetller Aff.**

**WHEREFORE**, Synovus respectfully requests that this Court enter judgment in favor of

Synovus and against Plash Island Resort for the following:

A.    $5,449,845.06.

B.    Pre-judgment interest accruing between December 6, 2010 and the date of
      judgment at the per diem rate of $795.20;

C.    Post-judgment interest at the contract rate;

D.    Applicable attorneys' fees and expenses until the date of judgment; and

E.    Court Costs.

> */s/ Clifton C. Mosteller*
> Joe A. Joseph (JOS004)
> Clifton C. Mosteller (MOS035)
>
> Attorneys for SYNOVUS BANK

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:(205) 251-3000
Facsimile: (205) 458-5100
email:    jjoseph@burr.com
          cmostell@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by placing the same in postage-prepaid U.S. First Class Mail on this the 13th day of January, 2011.

Plash Island Resort LLC
c/o Joseph F Yarborough, Jr.
396 West 23rd Avenue
Gulf Shores, AL 36542

Lee R. Benton
Amy Hazelton
Attorneys for Keith Rotenberry, Lewis M. Lockhart, Richard
D. Rowe, Nikolaos Manakides, Rickey L. Lockhart, William
R. Ivey, Michael W. McCain and Christopher Andrew
Yarborough
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000 Telephone
(205) 278-8008 Facsimile
lbenton@bcattys.com
ahazelton@bcattys.com

R. Bruce Barze, Jr.
Amy Davis Adams
counsel for The Estate of Gary L. Marcrum, Sr. and
Marcrum Development, L.L.C.
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203

/s/ Clifton C. Mosteller
OF COUNSEL

1865151 v1                                          4

# Exhibit A

| Date | Time | Code | Comments | Oper |
|---|---|---|---|---|
| 06/21/2010 | 1:20:26 | EFILE | COMPLAINT E-FILED. | JOS004 |
| 06/21/2010 | 1:21:01 | FILE | FILED THIS DATE: 06/21/2010        (AV01) | AJA |
| 06/21/2010 | 1:21:02 | EORD | E-ORDER FLAG SET TO "N"        (AV01) | AJA |
| 06/21/2010 | 1:21:03 | ASSJ | ASSIGNED TO JUDGE: NICOLE GORDON STILL        (AV01) | AJA |
| 06/21/2010 | 1:21:04 | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 06/21/2010 | 1:21:05 | TDMN | BENCH/NON-JURY TRIAL REQUESTED        (AV01) | AJA |
| 06/21/2010 | 1:21:06 | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 06/21/2010 | 1:21:07 | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 06/21/2010 | 1:21:08 | C001 | C001 PARTY ADDED: SYNOVUS BANK        (AV02) | AJA |
| 06/21/2010 | 1:21:09 | ATTY | LISTED AS ATTORNEY FOR C001: JOSEPH JOE ALAN(AV02) | AJA |
| 06/21/2010 | 1:21:10 | ATTY | LISTED AS ATTORNEY FOR C001: DENNEY DAMON PATRICK | AJA |
| 06/21/2010 | 1:21:11 | ATTY | LISTED AS ATTORNEY FOR C001: MOSTELLER CLIFTON CH | AJA |
| 06/21/2010 | 1:21:12 | EORD | C001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:13 | EFILE | COMPLAINT - SUMMONS | |
| 06/21/2010 | 1:21:14 | D001 | D001 PARTY ADDED: PLASH ISLAND RESORT LLC  (AV02) | AJA |
| 06/21/2010 | 1:21:15 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:16 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D001   (AV02) | AJA |
| 06/21/2010 | 1:21:17 | EORD | D001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:18 | D002 | D002 PARTY ADDED: ROTENBERRY KEITH        (AV02) | AJA |
| 06/21/2010 | 1:21:20 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:21 | SUMM | CERTIFIED MAI ISSUED: 06/21/2010 TO D002   (AV02) | AJA |
| 06/21/2010 | 1:21:22 | EORD | D002 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:26 | D003 | D003 PARTY ADDED: LOCKHART LEWIS M.        (AV02) | AJA |
| 06/21/2010 | 1:21:26 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:27 | SUMM | CERTIFIED MAI ISSUED: 06/21/2010 TO D003   (AV02) | AJA |
| 06/21/2010 | 1:21:28 | EORD | D003 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:31 | D004 | D004 PARTY ADDED: ROWE RICHARD D.        (AV02) | AJA |
| 06/21/2010 | 1:21:32 | ATTY | LISTED AS ATTORNEY FOR D004: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:33 | SUMM | CERTIFIED MAI ISSUED: 06/21/2010 TO D004   (AV02) | AJA |
| 06/21/2010 | 1:21:34 | EORD | D004 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:37 | D005 | D006 PARTY ADDED: MANAKIDES NIKOLAOS        (AV02) | AJA |
| 06/21/2010 | 1:21:38 | ATTY | LISTED AS ATTORNEY FOR D005: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:39 | SUMM | CERTIFIED MAI ISSUED: 06/21/2010 TO D005   (AV02) | AJA |
| 06/21/2010 | 1:21:40 | EORD | D005 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:43 | D006 | D006 PARTY ADDED: LOCKHART RICKEY L.        (AV02) | AJA |
| 06/21/2010 | 1:21:44 | ATTY | LISTED AS ATTORNEY FOR D006: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:45 | EORD | D006 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:46 | SUMM | CERTIFIED MAI ISSUED: 06/21/2010 TO D006   (AV02) | AJA |
| 06/21/2010 | 1:21:49 | D007 | D007 PARTY ADDED: IVEY WILLIAM R.        (AV02) | AJA |
| 06/21/2010 | 1:21:50 | ATTY | LISTED AS ATTORNEY FOR D007: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:51 | SUMM | CERTIFIED MAI ISSUED: 06/21/2010 TO D007   (AV02) | AJA |
| 06/21/2010 | 1:21:52 | EORD | D007 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:21:55 | D008 | D008 PARTY ADDED: MCCAIN MICHAEL W.        (AV02) | AJA |
| 06/21/2010 | 1:21:56 | ATTY | LISTED AS ATTORNEY FOR D008: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:21:57 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D008   (AV02) | AJA |
| 06/21/2010 | 1:21:58 | EORD | D008 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:22:01 | D009 | D009 PARTY ADDED: YARBOROUGH CHRISTOPHER ANDREW | AJA |
| 06/21/2010 | 1:22:02 | ATTY | LISTED AS ATTORNEY FOR D009: PRO SE        (AV02) | AJA |
| 06/21/2010 | 1:22:03 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D009   (AV02) | AJA |
| 06/21/2010 | 1:22:04 | EORD | D009 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/21/2010 | 1:22:07 | D010 | D010 PARTY ADDED: ESTATE OF GARY L. MARCRUM, SR. D | AJA |
| 06/21/2010 | 1:22:08 | ATTY | LISTED AS ATTORNEY FOR D010: PRO SE        (AV02) | AJA |

| 06/21/2010 | 1:22:09 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D010 (AV02) | AJA |
|---|---|---|---|---|
| 06/21/2010 | 1:22:10 | EORD | D010 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 06/21/2010 | 1:22:13 | D011 | D011 PARTY ADDED: MARCRUM DEVELOPMENT, L.L.C. | AJA |
| 06/21/2010 | 1:22:14 | ATTY | LISTED AS ATTORNEY FOR D011: PRO SE (AV02) | AJA |
| 06/21/2010 | 1:22:15 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D011 (AV02) | AJA |
| 06/21/2010 | 1:22:16 | EORG | D011 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 06/22/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON MICHAEL W MCCAIN | |
| 06/25/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON RICKEY L LOCKHART | |
| 06/25/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON LEWIS M LOCKHART | |
| 06/28/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON RICHARD D ROWE | |
| 06/28/2010 | 1:10:26 | --- | SCANNED - MISC - CERTIFIED MAIL RECEIPT # | |
| 06/29/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON KEITH ROTENBERRY | |
| 06/29/2010 | 2:37:07 | SERC | SERVICE OF CERTIFIED MAI 06/25/2010 FOR D006 | ALW |
| 06/30/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON WILLIAM R IVEY | |
| 07/01/2010 | 12:00:00 | --- | SCANNED - RETURN OF NON SERVICE - CIM ON NIKOLAOS MANAKIDES/NO SUCH NUMBER | |
| 07/01/2010 | 8:32:23 | SERC | SERVICE OF CERTIFIED MAI ON 06/28/2010 FOR D004 | ALW |
| 07/02/2010 | 10:30:19 | SERC | SERVICE OF CERTIFIED MAI ON 06/25/2010 FOR D003 | ALW |
| 07/02/2010 | 10:39:43 | SERC | SERVICE OF CERTIFIED MAI ON 06/29/2010 FOR D002 | ALW |
| 07/06/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON MARCRUM DEVELOPMENT LLC | |
| 07/06/2010 | 4:00:45 | SERC | SERVICE OF CERTIFIED MAI ON 06/30/2010 FOR D007 | ALW |
| 07/09/2010 | 4:11:17 | EANSW | D011 - COMPLAINT DENIED E-FILED. | BAR079 |
| 07/09/2010 | 4:11:53 | ATTY | LISTED AS ATTORNEY FOR D011: BARZE RONALD BRUCE J | AJA |
| 07/09/2010 | 4:11:54 | ANSW | ANSWER OF COMP DENIED ON 07/09/2010 FOR D011(AV02) | AJA |
| 07/09/2010 | 4:12:00 | EANSW | ANSWER - TRANSMITTAL | BAR079 |
| 07/09/2010 | 4:12:57 | EANSW | D010 - COMPLAINT DENIED E-FILED. | BAR079 |
| 07/09/2010 | 4:13:59 | ATTY | LISTED AS ATTORNEY FOR D010: BARZE RONALD BRUCE J | AJA |
| 07/09/2010 | 4:14:00 | ANSW | ANSWER OF COMP DENIED ON 07/09/2010 FOR D010(AV02) | AJA |
| 07/09/2010 | 4:14:14 | EANSW | ANSWER - TRANSMITTAL | BAR079 |
| 07/12/2010 | 8:33:42 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 07/12/2010 | 8:33:47 | RETU | RETURN OF OTHER ON 07/01/2010 FOR D005 (AV02) | AJA |
| 07/15/2010 | 1:21:55 | SERC | SERVICE OF PROCESS SERVE ON 07/06/2010 FOR D011 | ALW |
| 07/15/2010 | 1:22:29 | SERC | SERVICE OF PROCESS SERVE ON 06/22/2010 FOR D008 | ALW |
| 07/15/2010 | 4:40:14 | ENOTA | NOTICE OF APPEARANCE E-FILED | BEN008 |
| 07/15/2010 | 4:40:30 | ENOTA | MISCELLANEOUS - TRANSMITTAL | BEN008 |
| 07/15/2010 | 4:41:49 | ATTY | LISTED AS ATTORNEY FOR D002: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:41:55 | ATTY | LISTED AS ATTORNEY FOR D003: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:01 | ATTY | LISTED AS ATTORNEY FOR D004: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:07 | ATTY | LISTED AS ATTORNEY FOR D006: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:13 | ATTY | LISTED AS ATTORNEY FOR D006: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:19 | ATTY | LISTED AS ATTORNEY FOR D007: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:25 | ATTY | LISTED AS ATTORNEY FOR D008: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:45:25 | ENOTA | NOTICE OF APPEARANCE E-FILED | MAY034 |
| 07/15/2010 | 4:45:34 | ENOTA | MISCELLANEOUS - TRANSMITTAL | MAY034 |
| 07/15/2010 | 4:46:26 | ATTY | LISTED AS ATTORNEY FOR D002: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:32 | ATTY | LISTED AS ATTORNEY FOR D003: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:38 | ATTY | LISTED AS ATTORNEY FOR D004: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:44 | ATTY | LISTED AS ATTORNEY FOR D005: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:50 | ATTY | LISTED AS ATTORNEY FOR D006: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:56 | ATTY | LISTED AS ATTORNEY FOR D007: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:47:02 | ATTY | LISTED AS ATTORNEY FOR D008: HAZELTON AMY MAY | AJA |
| 07/16/2010 | 12:00:00 | --- | SCANNED - ACCEPTANCE OF SERVICE - OF KEITH ROTENBERRY, LEWIS LOCKHART, RICHARD ROWE, NIKOLAOS MANAKIDES, RICKEY LOCKHART, WILLIAM IVEY AND MICHAIL MCCAIN | |
| 07/16/2010 | 8:17:00 | TEXT | ACCEPTANCE OF SERVICE | MAL |
| 07/22/2010 | 9:37:08 | EMOT | C001-CONSOLIDATION FILED. | MOS035 |
| 07/22/2010 | 9:37:09 | EMOT | MOTION - TRANSMITTAL | MOS035 |

| Date | Time | Code | Description | |
|---|---|---|---|---|
| 07/22/2010 | 9:46:36 | EMOT | C001-CONSOLIDATION /DOCKETED | ZEC |
| 07/22/2010 | 2:28:49 | EALIA | ALIAS SUMMONS E-FILED | MOS035 |
| 07/22/2010 | 2:29:04 | EALIA | ALIAS SUMMONS - SUMMONS | |
| 07/22/2010 | 2:29:55 | D009 | D009 ADDR1 CHANGED FROM: 345 OLDE PARK COURT(AV02) | AJA |
| 07/22/2010 | 2:29:56 | D009 | D009 ADDR CITY CHANGED FROM: GULF SHORES   (AV02) | AJA |
| 07/22/2010 | 2:29:57 | REIS | REISSUE OF CERTIFIED MA ON 07/22/2010 FOR D009 | AJA |
| 07/23/2010 | 8:55:05 | CONT | ALIAS S&C BY CMs5892 FOR D009 | DEW |
| 07/26/2010 | 11:33:09 | --- | SCANNED - ALIAS - S&C BY CMs5892 FOR D001 | |
| 07/26/2010 | 12:06:51 | JEORDE | ORDER E-FILED - ORDER - ORDER HEARING RE MOTION TO CONSOLIDATE 08/30/10  E-FILED - RENDERED & ENTERED: 7/28/2010 12:06:50 PM | J |
| 07/26/2010 | 12:07:01 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 07/26/2010 | 4:48:45 | EALIA | ALIAS SUMMONS E-FILED | MOS035 |
| 07/26/2010 | 4:49:03 | EALIA | ALIAS SUMMONS - SUMMONS | |
| 07/26/2010 | 4:49:20 | D001 | D001 ADDR2 CHANGED FROM: 396 WEST 23RD AVENUE | AJA |
| 07/26/2010 | 4:49:21 | REIS | REISSUE OF CERTIFIED MA ON 07/26/2010 FOR D001 | AJA |
| 07/28/2010 | 12:00:00 | --- | SCANNED - NOTICE - TO CLERK BY CMs6127 D1 | |
| 07/28/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON CHRISTOPHER ANDRE YARBROUGH | |
| 07/28/2010 | 9:26:52 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D003(AV02) | LCH |
| 07/28/2010 | 9:27:09 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D005(AV02) | LCH |
| 07/28/2010 | 9:27:24 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D008(AV02) | LCH |
| 07/28/2010 | 4:51:37 | TEXT | ALIAS S&C BY CMs6127 FOR D001 | DEW |
| 08/03/2010 | 11:01:38 | SERC | SERVICE OF CERTIFIED MAI ON 07/28/2010 FOR D008 | ALW |
| 08/06/2010 | 9:34:45 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D002(AV02) | LOH |
| 08/06/2010 | 9:35:17 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D004(AV02) | LCH |
| 08/06/2010 | 9:35:54 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D007(AV02) | LOH |
| 08/06/2010 | 7:01:58 | NSRV | NO SERVICE NOTICE ISSUED TO C001        (V801) | LCH |
| 08/20/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON PLASH ISLAND RESORT LLC | |
| 08/23/2010 | 10:34:37 | ENOTA | NOTICE OF APPEARANCE E-FILED | MAY034 |
| 08/23/2010 | 10:34:50 | ENOTA | MISCELLANEOUS - TRANSMITTAL | MAY034 |
| 08/23/2010 | 10:36:42 | ATTY | LISTED AS ATTORNEY FOR D008: HAZELTON AMY MAY | AJA |
| 08/23/2010 | 10:36:46 | ENOTA | NOTICE OF APPEARANCE E-FILED | BEN008 |
| 08/23/2010 | 10:37:49 | ATTY | LISTED AS ATTORNEY FOR D009: BENTON LEE RIMES | AJA |
| 08/23/2010 | 10:38:21 | ENOTA | MISCELLANEOUS - TRANSMITTAL | BEN008 |
| 08/25/2010 | 11:40:59 | SERC | SERVICE OF CERTIFIED MAI ON 08/20/2010 FOR D001 | ALW |
| 08/31/2010 | 11:12:31 | JEORDE | ORDER E-FILED - ORDER - ORDER GRANTING MOTION TO CONSOLIDATE (CV-10-902186-GWN) E-FILED - RENDERED & ENTERED: 8/31/2010 11:12:31 AM | J |
| 08/31/2010 | 11:13:01 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 08/31/2010 | 11:48:12 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 8/31/2010 11:48:12 AM | JA |
| 08/31/2010 | 11:48:37 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 08/31/2010 | 4:45:50 | TRAC | CASE ASSIGNED TO: STANDARD  TRACK         (AV01) | LOH |
| 08/31/2010 | 4:45:51 | DAT2 | SET FOR:  TRIAL - BENCH ON 04/11/2011 AT 0900A | LOH |
| 09/01/2010 | 11:16:31 | EMOT | C001-OTHER - REQUEST FOR ASSIGNMENT TO THE COMMERCIAL LITIGATION DOCKET FILED. | MOS035 |
| 09/01/2010 | 11:15:56 | EMOT | MOTION - TRANSMITTAL | MOS035 |
| 09/01/2010 | 11:57:19 | EMOT | C001-OTHER /DOCKETED | ZEC |
| 09/02/2010 | 12:00:00 | --- | SCANNED - NOTICE OF SERVICE - DISC DOCMTS: INTGS & REQ FOR PROD TO SYNOVUS BANK | |
| 09/02/2010 | 8:17:15 | TEXT | NOT OF SERV: INTGS & REQ FOR PROD TO SYNOVUS BANK | MAL |
| 09/02/2010 | 3:34:32 | ANSW | ANSWER OF COMP DENIED ON 09/02/2010 FOR D005(AV02) | MAL |
| 09/02/2010 | 3:34:49 | ANSW | ANSWER OF COMP DENIED ON 09/02/2010 FOR D009(AV02) | MAL |
| 09/02/2010 | 4:05:34 | TEXT | ANSWER OF K ROTENBERRY, L M LOCKHART, R D ROWE, | MAL |
| 09/02/2010 | 4:05:35 | CONT | ; N MANAKIDES, R L LOCKHART, W R IVERY, M W MCCAIN | MAL |
| 09/02/2010 | 4:05:36 | CONT | AND C A YARBOROUGH | MAL |
| 09/02/2010 | 4:07:40 | --- | SCANNED - ANSWERS - ANSWER OF K ROTENBERRY, L M LOCKHART, R D ROWE, N MANAKIDES, R L LOCKHART, W R IVERY, M W MCCAIN AND C A YARBOROUGH | |
| 09/21/2010 | 11:58:36 | JEORDE | ORDER E-FILED - ORDER - ORDER REQUEST FOR COMM LITIGATION DOCKET HEARING 10/07/10 E-FILED - RENDERED & ENTERED: 9/21/2010 11:58:36 AM | J |
| 09/21/2010 | 12:02:47 | JEORDE | ORDER - TRANSMITTAL | NGS |

| 09/28/2010 | 1:35:59 | EMOT | D010-STAY FILED. | DAV145 |
|---|---|---|---|---|
| 09/28/2010 | 1:36:20 | EMOT | MOTION - TRANSMITTAL | DAV145 |
| 09/28/2010 | 2:35:56 | ATTY | LISTED AS ATTORNEY FOR D010: ADAMS AMY DAVIS(AV02) | ZEC |
| 09/28/2010 | 2:35:57 | EMOT | D010-STAY /DOCKETED | ZEC |
| 10/04/2010 | 4:41:05 | EDISC | NOTICE OF DISCOVERY E-FILED. | WAL177 |
| 10/04/2010 | 4:42:19 | EDISC | DISCOVERY - TRANSMITTAL | WAL177 |
| 10/06/2010 | 2:36:48 | JEORDE | ORDER E-FILED - ORDER - ORDER RECUSE OF NGS  E-FILED - RENDERED & ENTERED: 10/6/2010 2:36:48 PM | J |
| 10/06/2010 | 2:37:23 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 10/06/2010 | 4:19:01 | ASSJ | ASSIGNED TO JUDGE: HOUSTON BROWN       (AV01) | DES |
| 10/06/2010 | 4:19:02 | ASSJ | DUE TO RECUSAL       (AV01) | DES |
| 10/06/2010 | 5:26:03 | JEORDE | ORDER E-FILED - ORDER SETTING HEARING - ORDER E-FILED - RENDERED & ENTERED: 10/6/2010 5:26:03 PM | JA |
| 10/06/2010 | 5:26:41 | JEORDE | ORDER - TRANSMITTAL | HLB |
| 11/02/2010 | 2:28:22 | EDISC | NOTICE OF DISCOVERY E-FILED. | MOS035 |
| 11/02/2010 | 2:28:38 | EDISC | DISCOVERY - TRANSMITTAL | MOS035 |
| 11/12/2010 | 4:35:09 | JEORDE | ORDER E-FILED - ORDER TRANSFERRING CASE TO COMMERCIAL LITIGATION DOCKET - ORDER E-FILED - RENDERED & ENTERED: 11/12/2010 4:35:09 PM | JA |
| 11/12/2010 | 4:35:33 | JEORDE | ORDER - TRANSMITTAL | HLB |
| 12/09/2010 | 9:23:08 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 12/9/2010 9:23:08 AM | JA |
| 12/09/2010 | 9:23:22 | JEORDE | ORDER - TRANSMITTAL | JSV |
| 12/09/2010 | 9:26:20 | ASSJ | ASSIGNED TO JUDGE: COMPLEX LITIGATION DOCKET(AV01) | DES |
| 12/09/2010 | 9:26:21 | ASSJ | TEMPORARY CHANGE       (AV01) | DES |
| 12/09/2010 | 9:48:13 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 12/9/2010 9:48:12 AM | JA |
| 12/09/2010 | 9:54:46 | JEORDE | ORDER - TRANSMITTAL | RSV |
| 12/09/2010 | 1:19:19 | DAT1 | SET FOR: STATUS REVIEW/DKT ON 01/11/2011 AT 0830A | LOH |
| 01/12/2011 | 8:58:03 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 1/12/2011 8:58:03 AM | |
| 01/12/2011 | 8:59:14 | JEORDE | ORDER - TRANSMITTAL | |
| 01/13/2011 | 8:53:17 | DAT1 | SET FOR: STATUS REVIEW/DKT ON 01/13/2011 AT 0200P | LOH |
| 01/13/2011 | 2:57:28 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 1/13/2011 2:57:28 PM | |
| 01/13/2011 | 3:58:05 | JEORDE | ORDER - TRANSMITTAL | |

# **Exhibit B**

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2010-902180, previously |
| | ) consolidated with CV-2010-902186-GWN |
| PLASH ISLAND RESORT, LLC, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF JOEL BODIFORD

STATE OF GEORGIA      )
                        )
COUNTY OF MUSCOGEE   )

Before me, the undersigned authority, personally appeared Joel Bodiford, who, being known to me and being by me duly sworn, deposes and says as follows:

1.  My name is Joel Bodiford and I am employed in the Managed Assets division of Synovus Financial Corporation, the parent and holding company of Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust of Florida, d\b\a Coastal Bank and Trust ("Synovus"). I make this affidavit in support of the *Motion for Default Judgment Against Plash Resort Resort, LLC* filed by Synovus in the above-styled civil action.

2.  I am one of the persons who have custody and control of Synovus' business records (including access to electronically stored data) concerning the matter before this court between Synovus and the defendant Plash Resort Resort, LLC ("Plash Resort"). These records were made at or near the time of the event recorded by a person with knowledge of the event and charged with the responsibility for recording such events. These records are kept in the ordinary course of the Synovus' regularly conducted business activity and represent Synovus' customary

1865091 v1

practice. I have reviewed Synovus' file on this matter, which leads me to the summary which is set forth below. All facts set forth herein are either (a) facts of which I have personal knowledge; or (b) an accurate summary of Synovus' business records as set forth above.

3. On March 15, 2005, Plash Island Resort, LLC (the "Borrower") executed a promissory note, as amended or renewed from time to time, (collectively the "Note") in favor of Synovus pursuant to which Plash Resort promised to pay to Synovus the sum of Five Million Four Hundred Thousand and 00/100 Dollars ($5,400,000.00). A true and accurate copy of the Note is attached hereto as Exhibit A.

4. Borrower failed to make payments of principal and interest under the Note when due; therefore, Synovus has accelerated all obligations under the Note and all obligations under the Note are due and payable in full.

5. The Note provides that Synovus is entitled to recover attorneys' fees and expenses in connection with enforcement of its rights under those documents and in connection with collection of any outstanding sums owed by the Borrower.

6. The amount outstanding on the Loan, as of December 6, 2010, exclusive of attorneys' fees and costs, is $5,459,433.67 (consisting of principal in the amount of $5,202,787.66, interest in the amount of $248,046.01, late fees in the amount of $8,600.00), Interest continues to accrue at the per diem rate of $794.87.

[Remainder of page intentionally left blank]

FURTHER THE AFFIANT SAITH NAUGHT.

Joel Bodiford

STATE OF GEORGIA       )
                       )
COUNTY OF MUSCOGEE     )

I, the undersigned, a Notary Public in and for said State and County, hereby certify that Joel Bodiford, is signed to the foregoing, and who is known to me, acknowledged before me on this day that being informed of the contents of this document, he, executed this document voluntarily on the day the same bears date.

Given under my hand and official seal this the 12th day of ~~December, 2010~~ January 2011.

Malinda L. Lynam

Notary Public

My commission expires: 11 - 3 - 11

(SEAL)

MALINDA L. LYNAM
-NOTARY PUBLIC-OFFICIAL SEAL-
MUSCOGEE COUNTY, GA
My Commission Expires November 3, 2011

# Exhibit A

# PROMISSORY NOTE

$5,400,000.00

Date: March 15, 2005
Maturity Date: March 15, 2006
Baldwin County, Alabama

FOR VALUE RECEIVED, the undersigned, Plash Island Resort, L.L.C., an Alabama limited liability company, Christopher Andrew Yarborough, Joseph F. Yarborough, Jr., Philip V. Harris, Alan C. Howard, Ralph C. Parker, Belvin C. Harper, Jr. and Gary Marcrum (collectively, the "Borrowers"), hereby promise to pay to the order of BANK OF PENSACOLA ("Lender"), at Post Office Box 12966, Pensacola, Florida 32591, or at such other place as Lender may direct, in lawful money of the United States of America constituting legal tender in payment of all debts and dues, public and private, together with interest thereon calculated at the rate and in the manner set forth herein, the principal amount of FIVE MILLION FOUR HUNDRED THOUSAND and 00/100THS DOLLARS ($5,400,000.00), or so much thereof as may be advanced and outstanding hereunder. Payment of principal and interest shall be in accordance with the following provisions:

1. **Payment.** Twelve (12) consecutive monthly payments of interest only shall be due and payable monthly in arrears beginning on the 15th day of April, 2005, and continuing on the 15th day of each and every month thereafter to and including March 15, 2006, on which date the entire unpaid principal balance, together with accrued but unpaid interest, shall be due and payable in full.

2. **Interest Rate.** The applicable interest rate hereunder shall be computed on the basis of the Index (as that term is hereinafter defined), and shall be equal to one-half of one percentage (0.50%) point in excess of the Index; provided, however, that in no event shall the applicable interest rate be less than six percent (6.0%) per annum or exceed eight percent (8%) per annum. As used herein, the term "Index" shall mean the Prime Rate of interest announced from time to time by Bank of Pensacola. The Prime Rate is not necessarily the lowest rate offered by Lender to its customers. The interest rate may change daily. Interest will be computed on an actual/360 day basis.

3. **Loan Documents.** The indebtedness evidenced hereby is further evidenced and secured by a Mortgage, Assignment of Rents and Leases and Security Agreement of even date herewith from Plash Island Resort, L.L.C., an Alabama limited liability company, to Lender (the "Mortgage") encumbering real property located in Baldwin County, Alabama as more particularly described in the Mortgage (the "Property").

4. **Events of Default.** Upon the occurrence of any one or more of the following events ("Event of Default"):

   (a) Failure to make any payment of the principal of or interest on this Note when and as the same becomes due and payable; and

   (b) The occurrence of any other default or event of default specified in the Mortgage, or in any other instrument executed in connection with or securing this Note (collectively, the "Loan Documents") which is not cured within any cure period provided with respect thereto (if any),

then, or at any time thereafter during the continuance of any such event, the holder may, with or without notice to Borrowers, declare this Note and entire indebtedness evidenced hereby to be immediately due and payable, whereupon this Note and the entire indebtedness evidenced hereby shall become forthwith due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in any of the Loan Documents to the contrary notwithstanding.

5. **Waivers.** Borrower hereby waive demand, presentment for payment, notice of dishonor, protest, and

notice of protest and diligence in collection or bringing suit and agrees that the holder hereof may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unreleased collateral or the obligations evidenced hereby. Borrowers further waive any and all rights of exemption, both as to personal and real property, under the constitution or laws of the United States, the State of Alabama, the State of Florida or any other state.

6      Late Fee. Any scheduled payment of principal and/or interest which is not paid within ten (10) days from the date due will be subject to a late charge of five percent (5%) of such scheduled payment, not to exceed $150.00.

7.      Attorneys' Fees. Borrowers agree to pay reasonable attorneys' fees and costs actually incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise.

8.      Post Maturity Rate: Borrowers agree to pay interest on the unpaid principal balance of this Note owing after maturity or acceleration, and until paid in full, at a rate equal to 18.0%.

9      Usury Savings Clause. All agreements herein made are expressly limited so that in no event whatsoever, whether by reason of advancements of proceeds hereof, acceleration of maturity of the unpaid balance hereof, or otherwise, shall the interest and loan charges agreed to be paid to Lender for the use of the money advanced or to be advanced hereunder exceed the maximum amounts collectible under applicable laws in effect from time to time. If for any reason whatsoever the interest or loan charges paid or contracted to be paid in respect of the indebtedness evidenced hereby shall exceed the maximum amounts collectible under applicable laws in effect from time to time, then, *ipso facto*, the obligations to pay such interest and/or loan charges shall be reduced to the maximum amounts collectible under applicable laws in effect from time to time, and any amounts collected by Lender that exceed such maximum amounts shall be applied to the reduction of the principal balance remaining unpaid hereunder and/or refunded to Borrowers so that at no time shall the interest or loan charges paid or payable in respect of the indebtedness evidenced hereby exceed the maximum amounts permitted from time to time by applicable law. This provision shall also control every other provision in any and all other Loan Documents now existing or hereafter arising between Borrowers and Lender with respect to the indebtedness evidenced hereby.

10.     Prepayment: This Note may be prepaid in whole or in part at any time without penalty. Early payments will not, unless agreed to by Lender in writing, relieve Borrowers of Borrowers' obligation to continue to make payments under the payment schedule.

11.     Joint and Several Obligations. The obligations under this Note shall be the joint and several obligations of each the signatories below.

12      Miscellaneous. As used herein, the terms "Borrowers", "Lender" and "holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law. This Note is given under the seal of all parties hereto, and it is intended that this Note is and shall constitute and have the effect of a sealed instrument according to law. This Note has been negotiated and is being executed and delivered in Gulf Shores, in the State of Alabama, or if executed elsewhere, shall become effective upon Lender's receipt and acceptance of the executed original of this Note in the State of Alabama; provided, however, that Lender shall have no obligation to give, nor shall Borrowers be entitled to receive, any notice of such acceptance for this Note to become a binding obligation of Borrowers. Borrowers hereby submit to jurisdiction in the State of Alabama. This Note shall be governed by and be construed in accordance with the laws of the State of Alabama. It is intended, and Borrowers and the holder hereof specifically agree, that the laws of the State of Alabama governing interest shall apply to this Note and to this transaction. This Note may not be modified except by written agreement signed by Borrowers and the holder hereof, or by their respective successors or assigns.

[signature page follows]

2

IN WITNESS WHEREOF, Borrowers have caused this Note to be executed, sealed and delivered as of the date first set forth above.

Plash Island Resort, L.L.C., an Alabama limited
liability company

By: _____
Name: Christopher Andrew Yarborough
Title: Member

By: _____
Name: Joseph F. Yarborough, Jr.
Title: Member

By: _____
Name: Philip V. Harris
Title: Member

By: _____
Name: Alan C. Howard
Title: Member

By: _____
Name: Ralph C. Parker
Title: Member

By: _____
Name: Belvin C. Harper, Jr.
Title: Member

By:     Marcrum Development, L.L.C., an
        Alabama limited liability company, Member

        By: _____
        Name: Gary Marcrum, Sr
        Title: ~~Manager~~ *member /gim*

_____
Christopher Andrew Yarborough, individually

_____
Joseph F. Yarborough, Jr., individually

_____
Philip V. Harris, individually

3

Alan C. Howard, individually

Ralph C. Parker, individually

Belvin C. Harper, Jr., individually

Gary Marcrum, individually
SC/Δm

4

5 6021857-10

### RENEWAL PROMISSORY NOTE

$5,257,129.16

Date:           September 28, 2009
Maturity Date:  September 28, 2010
Birmingham, Alabama

FOR VALUE RECEIVED, the undersigned, Plash Island Resort, L.L.C., an Alabama limited liability company (the "Borrower"), hereby promise to pay to the order of COASTAL BANK AND TRUST OF FLORIDA, formerly known as BANK OF PENSACOLA ("Lender"), at Post Office Box 12966, Pensacola, Florida 32591, or at such other place as Lender may direct, in lawful money of the United States of America constituting legal tender in payment of all debts and dues, public and private, together with interest thereon calculated at the rate and in the manner set forth herein, the principal amount of FIVE MILLION TWO HUNDRED FIFTY SEVEN THOUSAND ONE HUNDRED TWENTY NINE and 16/100THS DOLLARS ($5,257,129.16), or so much thereof as may be advanced and outstanding hereunder. Payment of principal and interest shall be in accordance with the following provisions:

1.      Payment. Eleven (11) consecutive monthly payments of principal and interest, each in the amount of $37,446.87, shall be due and payable beginning on the 28th day of October, 2009, and continuing on the 28th day of each and every month thereafter to and including August 28, 2010. The entire unpaid principal balance, together with accrued but unpaid interest, shall be due and payable in full on September 28, 2010.

2.      Interest Rate. The applicable interest rate hereunder shall be computed on the basis of the fixed rate of five and one-half percent (5.5%) per annum. Interest will be computed on an actual/360 day basis.

3.      Loan Documents. The indebtedness evidenced hereby is further evidenced and secured by a Mortgage, Assignment of Rents and Leases and Security Agreement dated March 15, 2005 from Plash Island Resort, L.L.C., an Alabama limited liability company, to Lender (the "Mortgage") encumbering real property located in Baldwin County, Alabama as more particularly described in the Mortgage (the "Property").

4.      Events of Default. Upon the occurrence of any one or more of the following events ("Event of Default"):

        (a)     Failure to make any payment of the principal of or interest on this
                Note when and as the same becomes due and payable; and

        (b)     The occurrence of any other default or event of default specified in the
                Mortgage, or in any other instrument executed in connection with or securing this
                Note (collectively, the "Loan Documents") which is not cured within any cure period
                provided with respect thereto (if any),

1



then, or at any time thereafter during the continuance of any such event, the holder may, with or without notice to Borrower, declare this Note and entire indebtedness evidenced hereby to be immediately due and payable, whereupon this Note and the entire indebtedness evidenced hereby shall become immediately due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in any of the Loan Documents to the contrary notwithstanding.

5.    **Waivers.** Borrower hereby waive demand, presentment for payment, notice of dishonor, protest, and notice of protest and diligence in collection or bringing suit and agrees that the holder hereof may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unreleased collateral or the obligations evidenced hereby. Borrower further waives any and all rights of exemption, both as to personal and real property, under the constitution or laws of the United States, the State of Alabama, the State of Florida or any other state.

6.    **Late Fee.** Any scheduled payment of principal and/or interest which is not paid within ten (10) days from the date due will be subject to a late charge of five percent (5%) of such scheduled payment with a minimum late charge of $100.00 and a maximum late charge of $1,000.

7.    **Attorneys' Fees.** Borrower agrees to pay reasonable attorneys' fees and costs actually incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise.

8.    **Post Maturity Rate:** Borrower agrees to pay interest on the unpaid principal balance of this Note owing after maturity or acceleration, and until paid in full, at a rate equal to 18.0%.

9.    **Usury Savings Clause.** All agreements herein made are expressly limited so that in no event whatsoever, whether by reason of advancements of proceeds hereof, acceleration of maturity of the unpaid balance hereof, or otherwise, shall the interest and loan charges agreed to be paid to Lender for the use of the money advanced or to be advanced hereunder exceed the maximum amounts collectible under applicable laws in effect from time to time. If for any reason whatsoever the interest or loan charges paid or contracted to be paid in respect of the indebtedness evidenced hereby shall exceed the maximum amounts collectible under applicable laws in effect from time to time, then, *ipso facto*, the obligations to pay such interest and/or loan charges shall be reduced to the maximum amounts collectible under applicable laws in effect from time to time, and any amounts collected by Lender that exceed such maximum amounts shall be applied to the reduction of the principal balance remaining unpaid hereunder and/or refunded to Borrower so that at no time shall the interest or loan charges paid or payable in respect of the indebtedness evidenced hereby exceed the maximum amounts permitted from time to time by applicable law. This provision shall also control every other provision in any and all other Loan Documents now existing or hereafter arising between Borrower and Lender with respect to the indebtedness evidenced hereby.

10.    **Prepayment:** This Note may be prepaid in whole or in part at any time without penalty. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.

11.    **Miscellaneous.** As used herein, the terms "Borrower", "Lender" and "holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law. This Note is given under the seal of all parties hereto, and it is intended that this Note is and shall constitute and have the effect of a sealed instrument according to law. This Note has been negotiated and is being executed and delivered in Birmingham, in the State of Alabama, or if executed

2

elsewhere, shall become effective upon Lender's receipt and acceptance of the executed original of this Note in the State of Alabama; provided, however, that Lender shall have no obligation to give, nor shall Borrower be entitled to receive, any notice of such acceptance for this Note to become a binding obligation of Borrower. Borrower hereby submit to jurisdiction in the State of Alabama. This Note shall be governed by and be construed in accordance with the laws of the State of Alabama. It is intended, and Borrower and the holder hereof specifically agree, that the laws of the State of Alabama governing interest shall apply to this Note and to this transaction. This Note may not be modified except by written agreement signed by Borrower and the holder hereof, or by their respective successors or assigns; provided, however, that notwithstanding the foregoing, Lender may, at Lender's option, extend this Note or the debt represented by this Note, or any portion of this Note or debt, from time to time without limit or notice and for any term without affecting Borrower's liability for payment of this Note.

12. **RENEWAL/NO DEFENSES/RELEASES.**    THIS NOTE RENEWS THAT CERTAIN PROMISSORY NOTE DATED AUGUST 27, 2008 MADE BY BORROWER IN FAVOR OF LENDER IN THE ORIGINAL PRINCIPAL AMOUNT OF $5,400,000.00 (THE "ORIGINAL NOTE"). BORROWER ACKNOWLEDGES, COVENANTS, AGREES, REPRESENTS AND WARRANTS THAT (I) ALL OF THE LOAN DOCUMENTS ARE IN FULL FORCE AND EFFECT, (II) ALL OF THE LOAN DOCUMENTS CONSTITUTE THE LEGAL, VALID AND BINDING OBLIGATIONS OF THE BORROWER ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH THEIR TERMS, (III) THIS NOTE CONSTITUTES THE LEGAL, VALID AND BINDING OBLIGATION OF BORROWER, AND IS ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH ITS TERMS, (IV) BORROWER HAS NO DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS, EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER, IN FAVOR OF BORROWER TO OR AGAINST ENFORCEMENT OF THE ORIGINAL NOTE, THIS NOTE, THE MORTGAGE, OR ANY OTHER LOAN DOCUMENTS AND/OR WITH RESPECT TO ANY ACTS OR OMISSIONS OF LENDER ON OR PRIOR TO THE DATE HEREOF, AND TO THE EXTENT ANY SUCH DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER MAY EXIST, WHETHER KNOWN OR UNKNOWN, THE SAME ARE HEREBY EXPRESSLY WAIVED, RELEASED AND DISCHARGED, AND (IV) NO AGREEMENT, ORAL OR OTHERWISE, HAS BEEN MADE BY ANY OF LENDER'S EMPLOYEES, AGENTS, OFFICERS OR DIRECTORS TO FURTHER EXTEND OR MODIFY THIS NOTE, THE MORTGAGE OR THE OTHER LOAN DOCUMENTS.

[signature pages follow]

3

IN WITNESS WHEREOF, Borrower has caused this Note to be executed, sealed and delivered as of the date first set forth above.

Plash Island Resort, L.L.C., an Alabama limited liability company

By: _____
Name: Alan C. Howard
Title: Member

By: _____
Name: Belvin C. Harper, Jr.
Title: Member

By: _____
Name: Ralph C. Parker
Title: Member

By:    Murcrum Development, L.L.C., an
       Alabama limited liability company, Member

By: _____
Name: Debra M. Massey
Title: ~~Manager~~ member

By: _____
Name: Keith Rosenberry
Title: Member

By: _____
Name: Lewis M. Lockhart
Title: Member

By: _____
Name: Richard D. Rowe
Title: Member

[signature page continues]

4

By: _____
Name: Rickey L. Lockhart
Title: Member

By: _____
Name: William R. Ivey
Title: Member

By: _____
Name: Michael W. McCain
Title: Member

By: _____
Name: Nikolaos Manakides
Title: Member

5

By: _____

Donna S. Marcrum Personal
Representative of the
Estate of Gary L. Marcrum, Sr.

6

# Exhibit C

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **Case No. 2010-902180, previously** |
| | )     **consolidated with CV-2010-902186-GWN** |
| PLASH ISLAND RESORT, LLC, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF ATTORNEY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

STATE OF ALABAMA   )
                )
*JEFFERSON COUNTY*   )

Before me, this undersigned authority, personally appeared Clifton C. Mosteller, who, being known to me and being by me duly sworn, deposes and says as follows:

1.    I am Clifton C. Mosteller, an attorney at the law firm of Burr & Forman LLP. I am over twenty-one (21) years of age. I make this affidavit in support of the *Motion for Default Judgment Against Plash Island Resort, LLC* filed by Synovus Bank in the above styled matter.

2.    I am admitted to practice law in the State of Alabama. I am familiar with the fees charged by Burr & Forman LLP to its clients, and I am familiar with the fees that are being charged to Synovus by Burr & Forman LLP in connection with this action.

3.    Burr & Forman LLP is currently representing Synovus in this action against the Defendants (with the exception of Defendants Howard, Harper, and Parker) and I have first-hand knowledge of all services rendered by Burr & Forman on behalf of Synovus. The following services have been provided to Synovus: review of loan and related documents; conferences and discussions with officers and employees of the Plaintiff; correspondence with officers and employees of the Plaintiff; conferences and discussion, both in person, via email, and via

1865120 v1

telephone, with opposing counsel regarding this action; legal research; preparation and filing of several pleadings and responsive motions on behalf of the Plaintiff, including, but not limited to, Plaintiff's Answers, motions for default judgment, motions to consolidate related cases, motion summary judgment and related pleadings; coordination and preparation of extensive discovery responses served upon Plaintiff by multiple defendants; the advisement of the Plaintiff regarding the status of this action from time to time; and other services.

4.      I have reviewed the Note at issue and the related loan documents (the "Loan Documents"). The Loan Documents provide that Synovus is entitled to recover attorneys' fees and expenses in connection with enforcement of Synovus' rights under those documents and in connection with collection of any outstanding sums owed by the defendants in this matter to Synovus. Specifically, the Note provide that the "Borrower agrees to pay reasonable attorneys' fees and costs actually incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise." *See* The Affidavit of Joel Bodiford, Exhibits A, filed contemporaneously herewith.

5.      As of December 31, 2010, the fees and expenses incurred by Synovus for legal services performed by Burr & Forman LLP in connection with this action total $46,880.62 Further, Synovus is expected to incur additional fees and expenses in connection with the execution of the default judgment.

6.      Based on the services rendered to Synovus in this action, the time expended, expertise required, amount of indebtedness being collected and rates customarily charged, I am of the opinion that Burr & Forman's fees and expenses for services rendered in connection with this action, and estimated future fees and expenses, are reasonable.

1865120 v1                                      2

7.     This affidavit is executed for the purpose of enabling Synovus to obtain default judgments against defendant Plash Island Resort, LLC.

[Remainder of Page intentionally left blank]

**FURTHER THE AFFIANT SAITH NAUGHT.**

Clifton C. Mosteller

**STATE OF ALABAMA** )

**JEFFERSON COUNTY** )

    I, the undersigned, a Notary Public in and for said State and County, hereby certify that Clifton C. Mosteller, is signed to the foregoing, and who is known to me, acknowledged before me on this day that being informed of the contents of this document, he, executed this document voluntarily on the day the same bears date.

    Given under my hand and official seal this the 14th day of January, 2011:

Notary Public

My commission expires: $7/2/11$

(SEAL)

| STATE OF ALABAMA<br>**Unified Judicial System**<br><br>01-JEFFERSON - BIRMINGHAM | Revised 3/5/08<br><br>☐ District Court  ☑ Circuit Court | ELECTRONICALLY FILED<br>1/14/2011 4:42 PM<br>CV-2010-902180.00<br>CIRCUIT COURT OF<br>CV201090**2FBBS**ON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|

| SYNOVUS BANK V. PLASH ISLAND RESORT LLC<br>ET AL | **CIVIL MOTION** ~~COVER SHEET~~<br>*Name of Filing Party:* C001 - SYNOVUS BANK |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented.<br>CLIFTON C. MOSTELLER<br>41 WEST I-65 SERVICE ROAD NORTH SUITE 400<br>MOBILE, AL 36608<br>*Attorney Bar No.:* MOS036 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend<br>☐ Change of Venue/Transfer<br>☐ Compel<br>☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue<br>☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator<br>☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds<br>☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine<br>☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement<br>☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial<br>☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite<br>☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction<br>☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash<br>☐ Release from Stay of Execution |
| | ☐ Sanctions<br>☐ Sever |
| ☐ Local Court Costs $ _____ | ☐ Special Practice in Alabama<br>☐ Stay |
| | ☐ Strike<br>☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify<br>☐ Withdraw |
| | ☑ Other _____ Application for Entry of Default Against pursuant to Rule**Plash Island Resort, LLC**(Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date:<br><br>1/14/2011 4:41.39 PM | Signature of Attorney or Party:<br><br>/s CLIFTON C. MOSTELLER |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
1/14/2011 4:42 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

SYNOVUS BANK )
)
    Plaintiff, )
)
v. )    Case No. 2010-902180, previously
)    consolidated with CV-2010-902186-GWN
PLASH ISLAND RESORT, LLC, et al. )
)
    Defendants. )
)

## APPLICATION FOR ENTRY OF DEFAULT
## AGAINST PLASH ISLAND RESORT, LLC

**COMES NOW**, Plaintiff, Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust of Florida, d\b\a Coastal Bank and Trust (collectively "Synovus" or "Plaintiff"), by and through its undersigned counsel and, pursuant to Rule 55(a) of the Alabama Rules of Civil Procedure, applies for entry of default by the Clerk of this Court against defendant Plash Island Resort, LLC ("Plash Resort") for failure to plead, appear, or otherwise defend itself against Synovus' complaint (the "Complaint") in the above-styled action (this "Application"). In support of this Application, Synovus relies on (i) the docket in this case (the "Docket") attached hereto as **Exhibit A**; and (iii) the pleadings before this Court and states as follows:

1.    On August 20, 2010, a summons and a copy of the Complaint were served on Plash Resort by certified mail. *See* Docket, **Ex. A.**

2.    More than thirty (30) days have elapsed since the date on which Plash Resort was served with the summons and a copy of the Complaint. See Docket, **Ex. A.**

3.    Plash Resort has failed to answer or otherwise defend against Synovus' Complaint per ALA R. CIV. P 12.

1865129 v1

4.     Default is due to be entered against Plash Resort.

**WHEREFORE,** Synovus respectfully requests that the Clerk enter a default in favor of

Synovus against Plash Resort.

/s/Clifton C. Mosteller
Joe A. Joseph (JOS004)
Clifton C. Mosteller (MOS035)

Attorneys for SYNOVUS BANK

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
*Facsimile:* (205) 458-5100
email:     jjoseph@burr.com
          ddenney@burr.com
          cmostell@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by placing the same in postage-prepaid U.S. First Class Mail on this the 14th day of January 2011:

Plash Island Resort LLC
c/o Joseph F Yarborough, Jr.
396 West 23rd Avenue'
Gulf Shores, AL 36542

Lee R. Benton
Amy Hazelton
Attorneys for Keith Rotenberry, Lewis M. Lockhart, Richard
D. Rowe, Nikolaos Manakides, Rickey L. Lockhart, William
R. Ivey, Michael W. McCain and Christopher Andrew
Yarborough
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000 Telephone
(205) 278-8008 Facsimile
lbenton@bcattys.com
ahazelton@bcattys.com

R. Bruce Barze, Jr.
Amy Davis Adams
counsel for The Estate of Gary L. Marcrum, Sr. and
Marcrum Development, L.L.C.
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203

Brian R. Walding
Walding LLC
505 20th Street North, Suite 620
Birmingham, Alabama 35203
Attorneys for SYNOVUS BANK

/s/ Clifton C. Mosteller
OF COUNSEL

3

# **Exhibit A**

| Date: | Time | Code | Comments | Reporter |
|---|---|---|---|---|
| 06/21/2010 | 1:20:28 | EFILE | COMPLAINT E-FILED. | JOS004 |
| 06/21/2010 | 1:21:01 | FILE | FILED THIS DATE: 06/21/2010          (AV01) | AJA |
| 06/21/2010 | 1:21:02 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 06/21/2010 | 1:21:03 | ASSJ | ASSIGNED TO JUDGE: NICOLE GORDON STILL     (AV01) | AJA |
| 06/21/2010 | 1:21:04 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 06/21/2010 | 1:21:05 | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 06/21/2010 | 1:21:06 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 06/21/2010 | 1:21:07 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 06/21/2010 | 1:21:08 | C001 | C001 PARTY ADDED: SYNOVUS BANK          (AV02) | AJA |
| 06/21/2010 | 1:21:09 | ATTY | LISTED AS ATTORNEY FOR C001: JOSEPH JOE ALAN(AV02) | AJA |
| 06/21/2010 | 1:21:10 | ATTY | LISTED AS ATTORNEY FOR C001: DENNEY DAMON PATRICK | AJA |
| 06/21/2010 | 1:21:11 | ATTY | LISTED AS ATTORNEY FOR C001: MOSTELLER CLIFTON CH | AJA |
| 06/21/2010 | 1:21:12 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:13 | EFILE | COMPLAINT - SUMMONS | |
| 06/21/2010 | 1:21:14 | D001 | D001 PARTY ADDED: PLASH ISLAND RESORT LLC  (AV02) | AJA |
| 06/21/2010 | 1:21:15 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:16 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D001   (AV02) | AJA |
| 06/21/2010 | 1:21:17 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:19 | D002 | D002 PARTY ADDED: ROTENBERRY KEITH          (AV02) | AJA |
| 06/21/2010 | 1:21:20 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:21 | SUMM | CERTIFIED MAIL ISSUED: 06/21/2010 TO D002   (AV02) | AJA |
| 06/21/2010 | 1:21:22 | EORD | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:25 | D003 | D003 PARTY ADDED: LOCKHART LEWIS M.          (AV02) | AJA |
| 06/21/2010 | 1:21:26 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:27 | SUMM | CERTIFIED MAIL ISSUED: 06/21/2010 TO D003   (AV02) | AJA |
| 06/21/2010 | 1:21:28 | EORD | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:31 | D004 | D004 PARTY ADDED: ROWE RICHARD D.          (AV02) | AJA |
| 06/21/2010 | 1:21:32 | ATTY | LISTED AS ATTORNEY FOR D004: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:33 | SUMM | CERTIFIED MAIL ISSUED: 06/21/2010 TO D004   (AV02) | AJA |
| 06/21/2010 | 1:21:34 | EORD | D004 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:37 | D005 | D005 PARTY ADDED: MANAKIDES NIKOLAOS          (AV02) | AJA |
| 06/21/2010 | 1:21:38 | ATTY | LISTED AS ATTORNEY FOR D005: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:39 | SUMM | CERTIFIED MAIL ISSUED: 06/21/2010 TO D005   (AV02) | AJA |
| 06/21/2010 | 1:21:40 | EORD | D005 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:43 | D006 | D006 PARTY ADDED: LOCKHART RICKEY L.          (AV02) | AJA |
| 06/21/2010 | 1:21:44 | ATTY | LISTED AS ATTORNEY FOR D006: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:45 | EORD | D006 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:46 | SUMM | CERTIFIED MAIL ISSUED: 06/21/2010 TO D006   (AV02) | AJA |
| 06/21/2010 | 1:21:49 | D007 | D007 PARTY ADDED: IVEY WILLIAM R.          (AV02) | AJA |
| 06/21/2010 | 1:21:50 | ATTY | LISTED AS ATTORNEY FOR D007: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:51 | SUMM | CERTIFIED MAIL ISSUED: 06/21/2010 TO D007   (AV02) | AJA |
| 06/21/2010 | 1:21:52 | EORD | D007 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:21:55 | D008 | D008 PARTY ADDED: MCCAIN MICHAEL W.          (AV02) | AJA |
| 06/21/2010 | 1:21:56 | ATTY | LISTED AS ATTORNEY FOR D008: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:21:57 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D008   (AV02) | AJA |
| 06/21/2010 | 1:21:58 | EORD | D008 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:22:01 | D009 | D009 PARTY ADDED: YARBOROUGH CHRISTOPHER ANDREW | AJA |
| 06/21/2010 | 1:22:02 | ATTY | LISTED AS ATTORNEY FOR D009: PRO SE          (AV02) | AJA |
| 06/21/2010 | 1:22:03 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D009   (AV02) | AJA |
| 06/21/2010 | 1:22:04 | EORD | D009 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 06/21/2010 | 1:22:07 | D010 | D010 PARTY ADDED: ESTATE OF GARY L. MARCRUM, SR. D | AJA |
| 06/21/2010 | 1:22:08 | ATTY | LISTED AS ATTORNEY FOR D010: PRO SE          (AV02) | AJA |

| 06/21/2010 | 1:22:09 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D010 (AV02) | AJA |
|---|---|---|---|---|
| 06/21/2010 | 1:22:10 | EORD | D010 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 06/21/2010 | 1:22:13 | DC11 | D011 PARTY ADDED: MARCRUM DEVELOPMENT, L.L.C. | AJA |
| 06/21/2010 | 1:22:14 | ATTY | LISTED AS ATTORNEY FOR D011: PRO SE (AV02) | AJA |
| 06/21/2010 | 1:22:15 | SUMM | PROCESS SERVE ISSUED: 06/21/2010 TO D011 (AV02) | AJA |
| 06/21/2010 | 1:22:16 | EORD | D011 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 06/22/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON MICHAEL W MCCAIN | |
| 06/25/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON RICKEY L LOCKHART | |
| 06/25/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON LEWIS M LOCKHART | |
| 06/28/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON RICHARD D ROWE | |
| 06/28/2010 | 1:10:26 | — | SCANNED - MISC - CERTFIED MAIL RECEIPT # | |
| 06/29/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON KEITH ROTENBERRY | |
| 06/29/2010 | 2:37:07 | SERC | SERVICE OF CERTIFIED MAI ON 06/25/2010 FOR D006 | ALW |
| 06/30/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON WILLIAM R IVEY | |
| 07/01/2010 | 12:00:00 | — | SCANNED - RETURN OF NON SERVICE - C/M ON NIKOLAOS MANAKIDES/NO SUCH NUMBER | |
| 07/01/2010 | 8:32:21 | SERC | SERVICE OF CERTIFIED MAI ON 06/28/2010 FOR D004 | ALW |
| 07/02/2010 | 10:30:19 | SERC | SERVICE OF CERTIFIED MAI ON 06/25/2010 FOR D003 | ALW |
| 07/02/2010 | 10:39:43 | SERC | SERVICE OF CERTIFIED MAI ON 06/29/2010 FOR D002 | ALW |
| 07/06/2010 | 12:00:00 | — | SCANNED - RETURN OF SERVICE - ON MARCRUM DEVELOPMENT LLC | |
| 07/06/2010 | 4:00:48 | SERC | SERVICE OF CERTIFIED MAI ON 06/30/2010 FOR D007 | ALW |
| 07/09/2010 | 4:11:17 | EANSW | D011 - COMPLAINT DENIED E-FILED. | BAR079 |
| 07/09/2010 | 4:11:53 | ATTY | LISTED AS ATTORNEY FOR D011: BARZE RONALD BRUCE J | AJA |
| 07/09/2010 | 4:11:54 | ANSW | ANSWER OF COMP DENIED ON 07/09/2010 FOR D011(AV02) | AJA |
| 07/09/2010 | 4:12:00 | EANSW | ANSWER - TRANSMITTAL | BAR079 |
| 07/09/2010 | 4:12:57 | EANSW | D010 - COMPLAINT DENIED E-FILED. | BAR079 |
| 07/09/2010 | 4:13:59 | ATTY | LISTED AS ATTORNEY FOR D010: BARZE RONALD BRUCE J | AJA |
| 07/09/2010 | 4:14:00 | ANSW | ANSWER OF COMP DENIED ON 07/09/2010 FOR D010(AV02) | AJA |
| 07/09/2010 | 4:14:14 | EANSW | ANSWER - TRANSMITTAL | BAR079 |
| 07/12/2010 | 8:33:42 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 07/12/2010 | 8:33:47 | RETU | RETURN OF OTHER ON 07/01/2010 FOR D005 (AV02) | AJA |
| 07/15/2010 | 1:21:55 | SERC | SERVICE OF PROCESS SERVE ON 07/06/2010 FOR D011 | ALW |
| 07/15/2010 | 1:22:29 | SERC | SERVICE OF PROCESS SERVE ON 06/22/2010 FOR D008 | ALW |
| 07/15/2010 | 4:40:14 | ENOTA | NOTICE OF APPEARANCE E-FILED | BEN008 |
| 07/15/2010 | 4:40:30 | ENOTA | MISCELLANEOUS - TRANSMITTAL | BEN008 |
| 07/15/2010 | 4:41:49 | ATTY | LISTED AS ATTORNEY FOR D002: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:41:55 | ATTY | LISTED AS ATTORNEY FOR D003: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:01 | ATTY | LISTED AS ATTORNEY FOR D004: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:07 | ATTY | LISTED AS ATTORNEY FOR D005: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:13 | ATTY | LISTED AS ATTORNEY FOR D006: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:19 | ATTY | LISTED AS ATTORNEY FOR D007: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:42:25 | ATTY | LISTED AS ATTORNEY FOR D008: BENTON LEE RIMES | AJA |
| 07/15/2010 | 4:45:25 | ENOTA | NOTICE OF APPEARANCE E-FILED | MAY034 |
| 07/16/2010 | 4:45:34 | ENOTA | MISCELLANEOUS - TRANSMITTAL | MAY034 |
| 07/15/2010 | 4:46:26 | ATTY | LISTED AS ATTORNEY FOR D002: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:32 | ATTY | LISTED AS ATTORNEY FOR D003: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:38 | ATTY | LISTED AS ATTORNEY FOR D004: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:44 | ATTY | LISTED AS ATTORNEY FOR D005: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:50 | ATTY | LISTED AS ATTORNEY FOR D006: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:46:56 | ATTY | LISTED AS ATTORNEY FOR D007: HAZELTON AMY MAY | AJA |
| 07/15/2010 | 4:47:02 | ATTY | LISTED AS ATTORNEY FOR D008: HAZELTON AMY MAY | AJA |
| 07/16/2010 | 12:00:00 | — | SCANNED - ACCEPTANCE OF SERVICE - OF KEITH ROTENBERRY, LEWIS LOCKHART, RICHARD ROWE, NIKOLAOS MANAKIDES, RICKEY LOCKHART, WILLIAM IVEY AND MICHAIL MCCAIN | |
| 07/18/2010 | 8:17:00 | TEXT | ACCEPTANCE OF SERVICE | MAL |
| 07/22/2010 | 9:37:08 | EMOT | C001-CONSOLIDATION FILED. | MOS035 |
| 07/22/2010 | 9:37:09 | EMOT | MOTION - TRANSMITTAL | MOS035 |

| Date | Time | Code | Description | Initials |
|---|---|---|---|---|
| 07/22/2010 | 9:48:36 | EMOT | C001-CONSOLIDATION /DOCKETED | ZEC |
| 07/22/2010 | 2:28:49 | EALIA | ALIAS SUMMONS E-FILED | MOS035 |
| 07/22/2010 | 2:29:04 | EALIA | ALIAS SUMMONS - SUMMONS | |
| 07/22/2010 | 2:29:55 | D009 | D009 ADDR1 CHANGED FROM: 345 OLDE PARK COURT(AV02) | AJA |
| 07/22/2010 | 2:29:56 | D009 | D009 ADDR CITY CHANGED FROM: GULF SHORES   (AV02) | AJA |
| 07/22/2010 | 2:29:57 | REIS | REISSUE OF CERTIFIED MA ON 07/22/2010 FOR D009 | AJA |
| 07/23/2010 | 8:55:05 | CONT | ALIAS S&C BY CM#5892 FOR D009 | DEW |
| 07/26/2010 | 11:33:06 | ~~ | SCANNED - ALIAS - S&C BY CM#5892 FOR D001 | |
| 07/26/2010 | 12:06:51 | JEORDE | ORDER E-FILED - ORDER - ORDER HEARING RE MOTION TO CONSOLIDATE 08/30/10 E-FILED - RENDERED & ENTERED: 7/26/2010 12:06:50 PM | J |
| 07/26/2010 | 12:07:01 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 07/26/2010 | 4:48:45 | EALIA | ALIAS SUMMONS E-FILED | MOS035 |
| 07/26/2010 | 4:49:03 | EALIA | ALIAS SUMMONS - SUMMONS | |
| 07/26/2010 | 4:49:20 | D001 | D001 ADDR2 CHANGED FROM: 396 WEST 23RD AVENUE | AJA |
| 07/26/2010 | 4:49:21 | REIS | REISSUE OF CERTIFIED MA ON 07/26/2010 FOR D001 | AJA |
| 07/28/2010 | 12:00:00 | ~-- | SCANNED - NOTICE - TO CLERK BY CM#6127 D1 | |
| 07/28/2010 | 12:00:00 | --- | SCANNED - RETURN OF SERVICE - ON CHRISTOPHER ANDRE YARBROUGH | |
| 07/28/2010 | 9:26:52 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D003(AV02) | LOH |
| 07/28/2010 | 9:27:09 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D005(AV02) | LOH |
| 07/28/2010 | 9:27:24 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D006(AV02) | LOH |
| 07/28/2010 | 4:51:37 | TEXT | ALIAS S&C BY CM#6127 FOR D001 | DEW |
| 08/03/2010 | 11:01:38 | SERC | SERVICE OF CERTIFIED MAI ON 07/28/2010 FOR D009 | ALW |
| 08/06/2010 | 9:34:45 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D002(AV02) | LOH |
| 08/06/2010 | 9:35:17 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D004(AV02) | LOH |
| 08/06/2010 | 9:35:54 | ANSW | ANSWER OF ATTY APPEAR ON 07/15/2010 FOR D007(AV02) | LOH |
| 08/06/2010 | 7:01:58 | NSRV | NO SERVICE NOTICE ISSUED TO C001        (VS01) | LOH |
| 08/20/2010 | 12:00:00 | ~-- | SCANNED - RETURN OF SERVICE - ON PLASH ISLAND RESORT LLC | |
| 08/23/2010 | 10:34:37 | ENOTA | NOTICE OF APPEARANCE E-FILED | MAY034 |
| 08/23/2010 | 10:34:50 | ENOTA | MISCELLANEOUS - TRANSMITTAL | MAY034 |
| 08/23/2010 | 10:35:42 | ATTY | LISTED AS ATTORNEY FOR D009: HAZELTON AMY MAY | AJA |
| 08/23/2010 | 10:36:45 | ENOTA | NOTICE OF APPEARANCE E-FILED | BEN008 |
| 08/23/2010 | 10:37:49 | ATTY | LISTED AS ATTORNEY FOR D009: BENTON LEE RIMES | AJA |
| 08/23/2010 | 10:38:21 | ENOTA | MISCELLANEOUS - TRANSMITTAL | BEN008 |
| 08/26/2010 | 11:40:59 | SERC | SERVICE OF CERTIFIED MAI ON 08/20/2010 FOR D001 | ALW |
| 08/31/2010 | 11:12:31 | JEORDE | ORDER E-FILED - ORDER - ORDER GRANTING MOTION TO CONSOLIDATE (CV-10-902186-GWN) E-FILED - RENDERED & ENTERED: 8/31/2010 11:12:31 AM | J |
| 08/31/2010 | 11:13:01 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 08/31/2010 | 11:48:12 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 8/31/2010 11:48:12 AM | JA |
| 08/31/2010 | 11:48:37 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 08/31/2010 | 4:45:50 | TRAC | CASE ASSIGNED TO: STANDARD   TRACK       (AV01) | LOH |
| 08/31/2010 | 4:45:51 | DAT2 | SET FOR: TRIAL - BENCH ON 04/11/2011 AT 0900A | LOH |
| 09/01/2010 | 11:15:31 | EMOT | C001-OTHER - REQUEST FOR ASSIGNMENT TO THE COMMERCIAL LITIGATION DOCKET FILED. | MOS035 |
| 09/01/2010 | 11:16:56 | EMOT | MOTION - TRANSMITTAL | MOS035 |
| 09/01/2010 | 11:57:19 | EMOT | C001-OTHER /DOCKETED | ZEC |
| 09/02/2010 | 12:00:00 | ~--- | SCANNED - NOTICE OF SERVICE - DISC DOCMTS: INTGS & REQ FOR PROD TO SYNOVUS BANK | |
| 09/02/2010 | 8:17:16 | TEXT | NOT OF SERV: INTGS & REQ FOR PROD TO SYNOVUS BANK | MAL |
| 09/02/2010 | 3:54:32 | ANSW | ANSWER OF COMP DENIED ON 09/02/2010 FOR D005(AV02) | MAL |
| 09/02/2010 | 3:54:49 | ANSW | ANSWER OF COMP DENIED ON 09/02/2010 FOR D009(AV02) | MAL |
| 09/02/2010 | 4:05:34 | TEXT | ANSWER OF K ROTENBERRY, L M LOCKHART, R D ROWE, | MAL |
| 09/02/2010 | 4:05:35 | CONT | N MANAKIDES, R L LOCKHART, W R IVERY, M W MCCAIN | MAL |
| 09/02/2010 | 4:05:36 | CONT | AND C A YARBOROUGH | MAL |
| 09/02/2010 | 4:07:40 | ~-- | SCANNED - ANSWERS - ANSWER OF K ROTENBERRY, L M LOCKHART, R D ROWE, N MANAKIDES, R L LOCKHART, W R IVERY, M W MCCAIN AND C A YARBOROUGH | |
| 09/21/2010 | 11:58:36 | JEORDE | ORDER E-FILED - ORDER - ORDER REQUEST FOR COMM LITIGATION DOCKET HEARING 10/07/10 E-FILED - RENDERED & ENTERED: 9/21/2010 11:58:36 AM | J |
| 09/21/2010 | 12:02:47 | JEORDE | ORDER - TRANSMITTAL | NGS |

| | | | | |
|---|---|---|---|---|
| 09/28/2010 | 1:35:59 | EMOT | D010-STAY FILED. | DAV145 |
| 09/28/2010 | 1:36:20 | EMOT | MOTION - TRANSMITTAL | DAV145 |
| 09/28/2010 | 2:35:56 | ATTY | LISTED AS ATTORNEY FOR D010: ADAMS AMY DAVIS(AV02) | ZEC |
| 09/28/2010 | 2:35:57 | EMOT | D010-STAY /DOCKETED | ZEC |
| 10/04/2010 | 4:41:05 | EDISC | NOTICE OF DISCOVERY E-FILED. | WAL177 |
| 10/04/2010 | 4:42:19 | EDISC | DISCOVERY - TRANSMITTAL | WAL177 |
| 10/06/2010 | 2:36:48 | LEORDE | ORDER E-FILED - ORDER - ORDER RECUSE OF NGS  E-FILED - RENDERED & ENTERED: 10/6/2010 2:36:48 PM | J |
| 10/06/2010 | 2:37:23 | JEORDE | ORDER - TRANSMITTAL | NGS |
| 10/06/2010 | 4:19:01 | ASSJ | ASSIGNED TO JUDGE: HOUSTON BROWN        (AV01) | DES |
| 10/06/2010 | 4:19:02 | ASSJ | DUE TO RECUSAL                (AV01) | DES |
| 10/06/2010 | 5:26:03 | JEORDE | ORDER E-FILED - ORDER SETTING HEARING - ORDER E-FILED - RENDERED & ENTERED: 10/6/2010 5:26:03 PM | JA |
| 10/06/2010 | 5:26:41 | JEORDE | ORDER - TRANSMITTAL | HLB |
| 11/02/2010 | 2:28:22 | EDISC | NOTICE OF DISCOVERY E-FILED. | MOS035 |
| 11/02/2010 | 2:28:38 | EDISC | DISCOVERY - TRANSMITTAL | MOS035 |
| 11/12/2010 | 4:35:09 | JEORDE | ORDER E-FILED - ORDER TRANSFERRING CASE TO COMMERCIAL LITIGATION DOCKET - ORDER E-FILED - RENDERED & ENTERED: 11/12/2010 4:35:09 PM | JA |
| 11/12/2010 | 4:35:33 | JEORDE | ORDER - TRANSMITTAL | HLB |
| 12/09/2010 | 9:23:08 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 12/9/2010 9:23:08 AM | JA |
| 12/09/2010 | 9:23:22 | JEORDE | ORDER - TRANSMITTAL | JSV |
| 12/09/2010 | 9:26:20 | ASSJ | ASSIGNED TO JUDGE: COMPLEX LITIGATION DOCKET(AV01) | DES |
| 12/09/2010 | 9:26:21 | ASSJ | TEMPORARY CHANGE            (AV01) | DES |
| 12/09/2010 | 9:48:13 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 12/9/2010 9:48:12 AM | JA |
| 12/09/2010 | 9:54:46 | JEORDE | ORDER - TRANSMITTAL | RSV |
| 12/09/2010 | 1:19:19 | DAT1 | SET FOR: STATUS REVIEW/DKT ON 01/11/2011 AT 0830A | LOH |
| 01/12/2011 | 8:58:03 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 1/12/2011 8:58:03 AM | |
| 01/12/2011 | 8:59:14 | JEORDE | ORDER - TRANSMITTAL | |
| 01/13/2011 | 8:53:17 | DAT1 | SET FOR: STATUS REVIEW/DKT ON 01/13/2011 AT 0200P | LOH |
| 01/13/2011 | 2:57:28 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 1/13/2011 2:57:28 PM | |
| 01/13/2011 | 3:58:05 | JEORDE | ORDER - TRANSMITTAL | |

| STATE OF ALABAMA<br>Unified Judicial System | Revised 3/5/08 | | ELECTRONICALLY FILED<br>Case 1/14/2011 4:56 PM<br>CV-2010-902180.00 |
|---|---|---|---|
| 01-JEFFERSON - BIRMINGHAM | ☐ District Court | ☑ Circuit Court | CIRCUIT COURT OF<br>CV20109021900SON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

**CIVIL MOTION COVER SHEET**

| SYNOVUS BANK V. PLASH ISLAND RESORT LLC ET AL | Name of Filing Party: C001 - SYNOVUS BANK |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party, If Not Represented | ☐ Oral Arguments Requested |
|---|---|
| CLIFTON C. MOSTELLER<br><br>41 WEST I-65 SERVICE ROAD NORTH SUITE 400<br>MOBILE, AL 36608 | |
| Attorney Bar No.: MOS035 | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend<br>☐ Change of Venue/Transfer<br>☐ Compel<br>☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue<br>☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator<br>☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds<br>☐ Extension of Time |
| ☑ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine<br>☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement<br>☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial<br>☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite<br>☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction<br>☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash<br>☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions<br>☐ Sever |
| | ☐ Special Practice in Alabama<br>☐ Stay |
| | ☐ Strike<br>☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify<br>☐ Withdraw |
| | ☐ Other _____<br>pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>1/14/2011 4:44:54 PM | Signature of Attorney or Party:<br><br>/s CLIFTON C. MOSTELLER |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/14/2011 4:56 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **SYNOVUS BANK** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 2010-902180, previously** |
| | )     **consolidated with CV-2010-902186-GWN** |
| **PLASH ISLAND RESORT, LLC, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

**COMES NOW** Plaintiff, Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust of Florida, d\b\a Coastal Bank and Trust (collectively "Synovus" or "Plaintiff"), by and through its undersigned counsel, and hereby files this Motion for Summary Judgment and Brief in Support Thereof (the "Motion"). In further support of the Motion, Synovus shows the Court the following:

### I. STATEMENT OF UNDISPUTED FACTS

1.     On March 15, 2005, Plash Island Resort, LLC (the "Borrower") executed a promissory note, as amended or renewed from time to time, (collectively the "Note") in favor of Synovus pursuant to which Plash Resort promised to pay to Synovus the sum of Five Million Four Hundred Thousand and 00/100 Dollars ($5,400,000.00). *See Affidavit of Joel Bodiford* (the "Bodiford Aff."), attached hereto as Exhibit 1.

2.     In connection with the Note, and as an inducement therefore, all obligations of the Borrower were guaranteed by certain instruments entitled "Guaranty" (the "Guaranty Agreements") which were executed by each of the following persons who unconditionally and

1880251 v1

absolutely, guaranteed repayment of any and all indebtedness owing from the Borrower under

the Note, jointly and severally with all of the other Defendants:

      a.     Keith Rotenberry

      b.     Lewis M. Lockhart

      c.     Richard D. Rowe

      d.     Nikolaos Manakides

      e.     Rickey L. Lockhart

      f.     William R. Ivey

      g.     Michael W. McCain

      h.     Alan Clyde Howard

      i.     Philip Vance Harris

      j.     Blevin C. Harper, Jr.

      k.     Gary L. Marcrum, Sr

      l.     Christopher A. Yarborough

      m.     Ralph Clark Parker

      n.     Marcrum Development, L.L.C.   (collectively the "Guarantors" and together with the Borrower, the "*Defendants*")

*See* Bodiford Aff.

3.     The Borrower has defaulted under the terms of the Note for, among other things, failure to make payment when due. *See* Bodiford Aff.

4.     The Guarantors are in default of their obligations under their respective Guaranty Agreement, for, among other things, failure to pay the amount due thereunder, and thus are

jointly and severally liable to Synovus with Borrower for the total indebtedness owed under the
Note. *See* Bodiford Aff.

5.      Pursuant to the Note and the related loan documents (collectively the "Loan
Documents") upon default, the Defendants shall be liable for all costs of collecting or attempting
to collect on the Note, including attorneys fees. *See* Bodiford Aff..

6.      Despite demand, the Defendants have failed and/or refused to pay Synovus the
amounts owed under the Loan Documents. *See* Bodiford Aff.

7.      Synovus is the current holder of the Loan Documents and owns the indebtedness
evidenced thereby. *See* Bodiford Aff.

8.      The amount outstanding on the Loan, as of December 6, 2010, exclusive of
attorneys' fees and costs, is $5,459,433.67 (consisting of principal in the amount of
$5,202,787.66, interest in the amount of $248,046.01, late fees in the amount of $8,600.00),
Interest continues to accrue at the per diem rate of $794.87. *See* Bodiford Aff.

9.      No Guarantor has been released from their liability under the Note or related
Guaranty Agreement. In fact, the Guaranty Agreements all expressly state, "[t]his is a continuing
Guaranty…[t]his Guaranty shall not release, modify, revoke, or terminate any other guaranty
heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or
hereafter executed by Guarantor release, modify, revoke, or terminate this Guaranty unless such
other guaranty specifically refers to this Guaranty and the release, modification, revocation, or
termination (as applicable) is accepted by [Synovus] in writing." *See* Exhibits B through N. *See*
Bodiford Aff.

10.     As of December 31, 2010, the legal fees and expenses incurred by Synovus for
legal services in connection with this action amount to $50,116.45 *See Affidavits of Clifton C.*

*Mosteller* (the "Mosteller Affidavit") and *Brian Walding* (the Walding Affidavit"), attached hereto as Exhibits 2 and 3 respectively..

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Alabama Rules of Civil Procedure provides that summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." ALA. R. CIV. P. 56(c)(3); *see also Brown v. Old S. Freight Serv., Inc.*, 590 So. 2d 877, 878 (Ala. 1991); *Lee v. Clark & Assoc. Real Estate*, 512 So. 2d 42, 44 (Ala. 1987). If the moving party shows that there is no genuine issue of material fact, "it is incumbent upon the adverse party to come forward with other evidence showing that there is a genuine issue for trial." *Mills v. City of Mobile*, 549 So. 2d 470, 471-72 (Ala. 1989). If the opposing party fails to do so, "the court is left with no other recourse but to conclude that no genuine issue of material fact exists." *City of Rainbow City v. S. Hawk, Inc.*, 394 So. 2d 10, 11-12 (Ala. 1981).

When the moving party meets its burden, "the opposing party may not rest on the mere allegations or denials in the original pleadings, but must set forth, by affidavit or otherwise, sufficient facts showing a genuine issue for trial." *Eason v. Middleton*, 398 So. 2d 245, 248 (Ala. 1981); *see also Sartino v. First Ala. Bank*, 435 So. 2d 39, 41 (Ala. 1983) (providing that specific facts, rather than vague and general assertions, must be set forth to create a genuine issue under Rule 56"). "Speculation and conclusory allegations are insufficient to create a genuine issue for trial." *Best v. Houtz*, 541 So. 2d 8, 10 (Ala. 1989). Additionally, neither bare argument nor conjecture will satisfy the non-movant's burden to defeat a motion for summary judgment. *Riggs v. Bell*, 564 So. 2d 882, 885 (Ala. 1990).

The non-movant must offer proof by "substantial evidence" in order to "submit an issue of fact to the trier of facts." ALA. CODE § 12-21-12(a) (2006); *see also Raymond v. Amason*, 565

So. 2d 614, 615 (Ala. 1990); *Grider v. Grider*, 555 So. 2d 104, 105 (Ala. 1989). Substantial evidence is "evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven." ALA. CODE § 12-21-12(d) (2006). A scintilla of evidence is "insufficient to permit submission of an issue of fact to the trier of facts." *Id.*; *see also Vardaman v. Florence City Bd. of Educ.*, 544 So. 2d 962, 964 (Ala. 1989). Proof by substantial evidence is the test for summary judgment. *Vardaman*, 544 So. 2d at 964; *accord Bass v. SouthTrust Bank of Baldwin City*, 538 So. 2d 794, 797-98 (Ala. 1989).

As shown below, the evidence presented by Synovus establishes its right to a judgment for the outstanding balance due on the Note, plus accrued and accruing interest, and costs of collection, including attorney's fees. Accordingly, Synovus is entitled to the entry of summary judgment in its favor.

## III. LEGAL ARGUMENT

### A.    Synovus is Entitled to an Entry of Summary Judgment Against the Defendants, Jointly and Severally, for the Outstanding Principal as well as All Accrued, and Accruing, Interest, Late Fees, and Attorneys' Fees Due on the Note and Guaranty Agreements.

This is a straight forward case involving a defaulted Note that remain unpaid. Under applicable Alabama law, a promissory note is prima facie evidence of the holder's right to "recover the face of the note, interest, and, upon proof of their value [and where the note so provides], its attorney's fees." *Chilton Warehouse & Mfg. Co. v. Lewis*, 57 So. 100, 101 (Ala. App. 1911); *see also Nobles v. Bank of Eclectic*, 115 So. 13, 15 (Ala. 1927) ("[T]he recitals in the face of the note are prima facie evidence of the intention of the parties thereto."); *Cary v. Bynum*, 136 So. 877, 878 (Ala. App. 1931) ("As a general rule the possession and production of a note uncanceled and inextinguished by indorsements of payments or otherwise is prima facie evidence that the holder is the owner and that the note is unpaid."). In addition, the appearance

1880251 v1                                                5

of a defendant's name on the face of the note is prima facie evidence that he is the maker of the note. *Culwell v. Edmondson*, 129 So. 276, 278 (Ala. 1930). And, "a note sued on is prima facie evidence of sufficient consideration for the execution thereof." *Day v. Ray E. Friedman & Co.*, 395 So. 2d 54, 56 (Ala. 1981).

Alabama case law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's prima facie case to recover on a note. *See Griffin v. American Bank*, 628 So. 2d 540, 543 (Ala. 1993) (bank entitled to summary judgment on promissory note where bank's president submitted affidavit attaching copy of note and stating that borrower made no payments on note, and borrower did not offer evidence in defense); *see also Chilton Warehouse & Mfg. Co. v. Lewis*, 57 So. 100, 101 (Ala. App. 1911) (stating that upon introduction of a note into evidence the burden shifts to defendant to show that the holder is not entitled to recover thereon).

In the instant matter, a copy of the Note is attached to and authenticated by the affidavit of Joel Bodiford constituting prima facie evidence of the Borrower's obligation thereon. *See Bodiford Aff., Exhibit A.*

As the holder of the Note, Synovus is entitled to enforce it. The affidavit of Joel Bodiford further states that the Defendants have materially breached the terms of their respective contracts with Synovus, Synovus has made demand for payment on the Note, and that the Defendants have failed to pay the outstanding indebtedness due to Synovus thereunder. *See Bodiford Aff.* Accordingly, under Alabama law, Synovus has established its prima facie right to recover the outstanding balance, plus accrued and accruing interest and late fees, and is entitled to judgment as a matter of law.

6

The amount outstanding on the Loan, as of December 6, 2010, exclusive of attorneys' fees and costs, is $5,459,433.67 (consisting of principal in the amount of $5,202,787.66, interest in the amount of $248,046.01, late fees in the amount of $8,600.00). Interest continues to accrue at the per diem rate of $794.87. *See* Bodiford Aff.

No Guarantor has been released from its liability under the Note or their respective Guaranty Agreement. *See* Bodiford Aff. In fact, the Guaranty Agreements all expressly state, "[t]his is a continuing Guaranty…[t]his Guaranty shall not release, modify, revoke, or terminate any other guaranty heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or hereafter executed by Guarantor release, modify, revoke, or terminate this Guaranty unless such other guaranty specifically refers to this Guaranty and the release, modification, revocation, or termination (as applicable) is accepted by [Synovus] in writing." *See* Bodiford Aff., Exhibits B through N.

Accordingly, the Guarantors are all jointly and severally liable for the total debt owed by the Borrower to Synovus. *See Sherman Industries, Inc. v. Alexander,* 980 So. 2d 991, 994-995 (Ala.Civ.App.,2007) (The guaranty agreements provided the sole means of cancellation and where guarantors failed to revoke guaranty agreement in writing as required by the terms of the guaranty agreements, they remained liable for the borrower's debt even though they claimed that the guaranty agreements were never intended to last indefinitely).

Accordingly, Synovus is entitled to Summary Judgment against the Defendants as there is no genuine issue as to any material fact that the Defendants have breached their respective agreements and that Synovus is entitled to judgment as a matter of law.

**B.    Synovus is Entitled to an Award of Attorney's Fees and Costs Against the Defendants.**

1680251 v1                                                                                          7

The Note and the Guaranty Agreements clearly provide for the recovery of attorneys' fees and costs incurred in collecting the Note. Specifically, the Note provide that the "Borrower agrees to pay reasonable attorneys' fees and costs actually incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit of otherwise." *See* Bodiford Aff., Exhibit A. Similarly, the Guaranty Agreements state, "[g]uarantor shall pay attorneys' fees and all other costs and expenses which are incurred by [Synovus] in the enforcement of the Guaranty." *See* Bodiford Aff., Exhibits B through N.

Under Alabama law, it is well settled that provisions relating to the payment of attorney's fees are enforceable. *See, e.g., James v. James,* 768 So. 2d 356 (Ala. 2000) (holding that in Alabama one can recover for attorneys' fees if provided for in a statute, a contract or by special equity); *Knight v. Hired Hand Green, Inc.,* 775 So. 2d 218, 222 (Ala. Civ. App. 1999) (holding that the plaintiff "was necessarily entitled to . . . an attorney fee for collection of that balance, pursuant to the clear terms of the contract"); *Smith v. Combustion Resources Eng'r, Inc.,* 431 So. 2d 1249, 1252 (Ala. 1983); *Lewis v. Haleyville Mobile Home Supply, Inc.,* 447 So. 2d 691, 692-93 (Ala. 1984); *Chilton Warehouse & Mfg. Co. v. Lewis,* 57 So. 100, 101 (Ala. App. 1911) (stating promissory note including provision for attorneys' fees is prima facie evidence of right to recover attorneys fees upon proof of their value).

The Mosteller Affidavit establishes that, as of January 11, 2011, the legal fees and expenses charged by Burr and Forman, LLP for services rendered to Synovus in connection with the collection of the Note and the Guaranty Agreements amount to $46,880.62. *See* Mosteller Aff. The Mosteller Affidavit further establishes that said fees and expenses are reasonable. *See* Mosteller Affidavit.

The Walding Affidavit establishes that, as of January 11, 2011, the legal fees and expenses charged by Walding, LLC for services rendered to Synovus in connection with the collection of the Note and the Guaranty Agreements amount to $3,235.83. *See* Walding Aff. The Walding Affidavit further establishes that said fees and expenses are reasonable. *See* Walding Affidavit.

Based upon the law cited above, it is without question that Synovus is entitled to recover attorneys' fees and costs incurred in enforcing the Note and Guaranty Agreements. Accordingly, Synovus requests that this Court award reasonable attorneys' fees and costs in this action. *See Robbins v. Smith*, 495 So. 2d 577, 580 (Ala. 1986) (holding that a "reasonable attorney fee may be set by the court in its discretion [and] '[t]he court is presumed to have knowledge, even without evidence, from which it may set such a fee'.").

## IV. CONCLUSION

**WHEREFORE,** premises considered, Plaintiff respectfully requests this Court grant its Motion for Summary Judgment in its entirety by entering judgment in favor of Synovus and against the Defendants, jointly and separately, in the amount of $5,509,550.12 plus pre-judgment interest accruing between December 6, 2010 and the date of judgment at the per diem rate of $794.87, plus the applicable post-judgment interest, plus other applicable attorneys' fees and expenses until the date of judgment, plus costs.

DATED this the 14th day of January, 2011:

> */s/ Clifton C. Mosteller*
> Joe A. Mosteller (JOS004)
> Clifton C. Mosteller (MOS035)
> Burr & Forman LLP
> 420 North 20th Street
> 3400 Wachovia Tower

Birmingham, Alabama 35203

and

*/s/ Brian R. Walding* _____

Brian R. Walding
Walding LLC
505 20th Street North, Suite 620
Birmingham, Alabama 35203
Attorneys for SYNOVUS BANK

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by placing the same in postage-prepaid U.S. First Class Mail, by hand delivery, by fax, or by email on this the 14th day of January 2011:

Lee R. Benton
Amy Hazelton
2019 3rd Ave N
Birmingham, Alabama 35203

Plash Island Resort LLC
c/o Joseph F. Yarborough, Jr.
396 West 23rd Avenue
Gulf Shores, AL 36542

R. Bruce Barze, Jr.
Amy Davis Adams
counsel for The Estate of Gary
L. Marcrum, Sr. and Marcrum
Development, L.L.C.
Balch & Bingham LLP
1901 Sixth Avenue North,
Suite 1500
Birmingham, Alabama 35203

*/s/ Clifton C. Mosteller*
OF COUNSEL

# **Exhibit 1**

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2010-902180, previously |
| | )   consolidated with CV-2010-902186-GWN |
| PLASH ISLAND RESORT, LLC, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF JOEL BODIFORD

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF MUSCOGEE | ) |

Before me, the undersigned authority, personally appeared Joel Bodiford, who, being known to me and being by me duly sworn, deposes and says as follows:

1.    My name is Joel Bodiford and I am employed in the Managed Assets division of Synovus Financial Corporation, the parent and holding company of Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust of Florida, d\b\a Coastal Bank and Trust ("Synovus"). I make this affidavit in support of the *Motion for Summary Judgment* filed by Synovus in the above-styled civil action.

2.    I am one of the persons who have custody and control of Synovus' business records (including access to electronically stored data) concerning the matter before this court between Synovus and the Defendants in this matter. These records were made at or near the time of the event recorded by a person with knowledge of the event and charged with the responsibility for recording such events. These records are kept in the ordinary course of the Synovus' regularly conducted business activity and represent Synovus' customary practice. I

1386247 v1

have reviewed Synovus' file on this matter, which leads me to the summary which is set forth below. All facts set forth herein are either (a) facts of which I have personal knowledge, or (b) an accurate summary of Synovus' business records as set forth above.

3.    On March 15, 2005, Plash Island Resort, LLC (the "Borrower") executed a promissory note, as amended or renewed from time to time, (collectively the "Note") in favor of Synovus pursuant to which Plash Resort promised to pay to Synovus the sum of Five Million Four Hundred Thousand and 00/100 Dollars ($5,400,000.00). A true and accurate copy of the Note is attached hereto as Exhibit A.

4.    Borrower failed to make payments of principal and interest under the Note when due; therefore, Synovus has accelerated all obligations under the Note and all obligations under the Note are due and payable in full.

5.    The Note provides that Synovus is entitled to recover attorneys' fees and expenses in connection with enforcement of its rights under those documents and in connection with collection of any outstanding sums owed by the Borrower.

6.    In connection with the Note, and as an inducement therefore, all obligations of the Borrower were guaranteed by certain instruments entitled "Guaranty" (the "Guaranty Agreements") which were executed by each of the following persons who unconditionally and absolutely, guaranteed repayment of any and all indebtedness owing from the Borrower under the Note, jointly and severally with all of the other Defendants:

    a.    Keith Rotenberry

    b.    Lewis M. Lockhart

    c.    Richard D. Rowe

    d.    Nikolaos Manakides

2

    e.     Rickey L. Lockhart

    f.      William R. Ivey

    g.     Michael W. McCain

    h.     Alan Clyde Howard

    i.      Philip Vance Harris

    j.      Blevin C. Harper, Jr.

    k.     Gary L. Marcrum, Sr

    l.      Christopher A. Yarborough

    m.    Ralph Clark Parker

    n.     Marcrum Development, L.L.C.   (collectively the "Guarantors" and together with the Borrower, the "Defendants"). True and accurate copies of the respective Guaranty Agreements are attached hereto as Exhibits B-N

7.     The Borrower has defaulted under the terms of the Note for, among other things, failure to make payment when due.

8.     The Guarantors are in default of their obligations under their respective Guaranty Agreement, for, among other things, failure to pay the amount due thereunder, and thus are jointly and severally liable to Synovus with Borrower for the indebtedness owed under the Note.

9.     Pursuant to the Note, and the related loan documents (collectively the "Loan Documents"), upon default, the Defendants shall be liable for all costs of collecting or attempting to collect on the Note, including attorneys fees.

10.    Despite demand, the Defendants have failed and/or refused to pay Synovus the amounts owed under the Loan Documents.

11.     Synovus is the current holder of the Loan Documents and owns the indebtedness evidenced thereby.

12.     The amount outstanding on the Loan, as of December 6, 2010, exclusive of attorneys' fees and costs, is $5,459,433.67 (consisting of principal in the amount of $5,202,787.66, interest in the amount of $248,046.01, late fees in the amount of $8,600.00), Interest continues to accrue at the per diem rate of $794.87.

13.     No Guarantor has been released from their liability under the Note or related Guaranty Agreement. In fact, the Guaranty Agreements all expressly state, "[t]his is a continuing Guaranty...[t]his Guaranty shall not release, modify, revoke, or terminate any other guaranty heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or hereafter executed by Guarantor release, modify, revoke, or terminate this Guaranty unless such other guaranty specifically refers to this Guaranty and the release, modification, revocation, or termination (as applicable) is accepted by [Synovus] in writing." *See* Exhibits B through N.

[Remainder of page intentionally left blank]

FURTHER THE AFFIANT SAITH NAUGHT.

Joel Bodiford

STATE OF GEORGIA )
)
COUNTY OF MUSCOGEE )

I, the undersigned, a Notary Public in and for said State and County, hereby certify that Joel Bodiford, is signed to the foregoing, and who is known to me, acknowledged before me on this day that being informed of the contents of this document, he, executed this document voluntarily on the day the same bears date.

Given under my hand and official seal this the 12ᵗʰ day of December, 2010. January 2011.

Notary Public

My commission expires: 11 - 3 - 11

(SEAL)

> MALINDA L. LYNAM
> -NOTARY PUBLIC-OFFICIAL SEAL-
> MUSCOGEE COUNTY, GA
> My Commission Expires November 3, 2011

1388247 v1                5

# Exhibit A

## PROMISSORY NOTE

$5,400,000.00

Date:           March 15, 2005
Maturity Date:  March 15, 2006
Baldwin County, Alabama

FOR VALUE RECEIVED, the undersigned, Plash Island Resort, L.L.C., an Alabama limited liability company, Christopher Andrew Yarborough, Joseph F. Yarborough, Jr., Philip V. Harris, Alan C. Howard, Ralph C. Parker, Belvin C. Harper, Jr. and Gary Marcrum (collectively, the "Borrowers"), hereby promise to pay to the order of BANK OF PENSACOLA ("Lender"), at Post Office Box 12966, Pensacola, Florida 32591, or at such other place as Lender may direct, in lawful money of the United States of America constituting legal tender in payment of all debts and dues, public and private, together with interest thereon calculated at the rate and in the manner set forth herein, the principal amount of FIVE MILLION FOUR HUNDRED THOUSAND and 00/100THS DOLLARS ($5,400,000.00), or so much thereof as may be advanced and outstanding hereunder. Payment of principal and interest shall be in accordance with the following provisions:

1.      **Payment.** Twelve (12) consecutive monthly payments of interest only shall be due and payable monthly in arrears beginning on the 15th day of April, 2005, and continuing on the 15th day of each and every month thereafter to and including March 15, 2006, on which date the entire unpaid principal balance, together with accrued but unpaid interest, shall be due and payable in full.

2.      **Interest Rate.** The applicable interest rate hereunder shall be computed on the basis of the Index (as that term is hereinafter defined), and shall be equal to one-half of one percentage (0.50%) point in excess of the Index; provided, however, that in no event shall the applicable interest rate be less than six percent (6.0%) per annum or exceed eight percent (8%) per annum. As used herein, the term "Index" shall mean the Prime Rate of interest announced from time to time by Bank of Pensacola. The Prime Rate is not necessarily the lowest rate offered by Lender to its customers. The interest rate may change daily. Interest will be computed on an actual/360 day basis.

3.      **Loan Documents.** The indebtedness evidenced hereby is further evidenced and secured by a Mortgage, Assignment of Rents and Leases and Security Agreement of even date herewith from Plash Island Resort, L.L.C., an Alabama limited liability company, to Lender (the "Mortgage") encumbering real property located in Baldwin County, Alabama as more particularly described in the Mortgage (the "Property").

4.      **Events of Default.** Upon the occurrence of any one or more of the following events ("Event of Default"):

        (a)      Failure to make any payment of the principal of or interest on this Note when and as the same becomes due and payable; and

        (b)      The occurrence of any other default or event of default specified in the Mortgage, or in any other instrument executed in connection with or securing this Note (collectively, the "Loan Documents") which is not cured within any cure period provided with respect thereto (if any),

then, or at any time thereafter during the continuance of any such event, the holder may, with or without notice to Borrowers, declare this Note and entire indebtedness evidenced hereby to be immediately due and payable, whereupon this Note and the entire indebtedness evidenced hereby shall become forthwith due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in any of the Loan Documents to the contrary notwithstanding.

5.      **Waivers.** Borrower hereby waive demand, presentment for payment, notice of dishonor, protest, and

1

notice of protest and diligence in collection or bringing suit and agrees that the holder hereof may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unreleased collateral or the obligations evidenced hereby. Borrowers further waive any and all rights of exemption, both as to personal and real property, under the constitution or laws of the United States, the State of Alabama, the State of Florida or any other state.

6.      Late Fee. Any scheduled payment of principal and/or interest which is not paid within ten (10) days from the date due will be subject to a late charge of five percent (5%) of such scheduled payment, not to exceed $150.00.

7.      Attorneys' Fees. Borrowers agree to pay reasonable attorneys' fees and costs actually incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise.

8.      Post Maturity Rate: Borrowers agree to pay interest on the unpaid principal balance of this Note owing after maturity or acceleration, and until paid in full, at a rate equal to 18.0%.

9.      Usury Savings Clause. All agreements herein made are expressly limited so that in no event whatsoever, whether by reason of advancements of proceeds hereof, acceleration of maturity of the unpaid balance hereof, or otherwise, shall the interest and loan charges agreed to be paid to Lender for the use of the money advanced or to be advanced hereunder exceed the maximum amounts collectible under applicable laws in effect from time to time. If for any reason whatsoever the interest or loan charges paid or contracted to be paid in respect of the indebtedness evidenced hereby shall exceed the maximum amounts collectible under applicable laws in effect from time to time, then, ipso facto, the obligations to pay such interest and/or loan charges shall be reduced to the maximum amounts collectible under applicable laws in effect from time to time, and any amounts collected by Lender that exceed such maximum amounts shall be applied to the reduction of the principal balance remaining unpaid hereunder and/or refunded to Borrowers so that at no time shall the interest or loan charges paid or payable in respect of the indebtedness evidenced hereby exceed the maximum amounts permitted from time to time by applicable law. This provision shall also control every other provision in any and all other Loan Documents now existing or hereafter arising between Borrowers and Lender with respect to the indebtedness evidenced hereby.

10.      Prepayment: This Note may be prepaid in whole or in part at any time without penalty. Early payments will not, unless agreed to by Lender in writing, relieve Borrowers of Borrowers' obligation to continue to make payments under the payment schedule.

11.      Joint and Several Obligations. The obligations under this Note shall be the joint and several obligations of each the signatories below.

12.      Miscellaneous. As used herein, the terms "Borrowers", "Lender" and "holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law. This Note is given under the seal of all parties hereto, and it is intended that this Note is and shall constitute and have the effect of a sealed instrument according to law. This Note has been negotiated and is being executed and delivered in Gulf Shores, in the State of Alabama, or if executed elsewhere, shall become effective upon Lender's receipt and acceptance of the executed original of this Note in the State of Alabama; provided, however, that Lender shall have no obligation to give, nor shall Borrowers be entitled to receive, any notice of such acceptance for this Note to become a binding obligation of Borrowers. Borrowers hereby submit to jurisdiction in the State of Alabama. This Note shall be governed by and be construed in accordance with the laws of the State of Alabama. It is intended, and Borrowers and the holder hereof specifically agree, that the laws of the State of Alabama governing interest shall apply to this Note and to this transaction. This Note may not be modified except by written agreement signed by Borrowers and the holder hereof, or by their respective successors or assigns.

[signature page follows]

2

IN WITNESS WHEREOF, Borrowers have caused this Note to be executed, sealed and delivered as of the date first set forth above.

Plash Island Resort, L.L.C., an Alabama limited liability company

By: _____
Name: Christopher Andrew Yarborough
Title: Member

By: _____
Name: Joseph F. Yarborough, Jr.
Title: Member

By: _____
Name: Philip V. Harris
Title: Member

By: _____
Name: Alan C. Howard
Title: Member

By: _____
Name: Ralph C. Parker
Title: Member

By: _____
Name: Belvin C. Harper, Jr.
Title: Member

By:     Marcrum Development, L.L.C., an
        Alabama limited liability company, Member

By: _____
Name: Gary Marcrum, Sr.
Title: Manager Member Sr.

_____
Christopher Andrew Yarborough, individually

_____
Joseph F. Yarborough, Jr., individually

_____
Philip V. Harris, individually

3

Alan C. Howard, individually

Ralph C. Parker, individually

Belvin C. Harper, Jr., individually

Gary Marcrum, individually

4

5 6021857-10

### RENEWAL PROMISSORY NOTE

$5,257,129.16

**Date:**       **September 28, 2009**
**Maturity Date:   September 28, 2010**
**Birmingham, Alabama**

FOR VALUE RECEIVED, the undersigned, Plash Island Resort, L.L.C., an Alabama limited liability company (the "Borrower"), hereby promise to pay to the order of COASTAL BANK AND TRUST OF FLORIDA, formerly known as BANK OF PENSACOLA ("Lender"), at Post Office Box 12966, Pensacola, Florida 32591, or at such other place as Lender may direct, in lawful money of the United States of America constituting legal tender in payment of all debts and dues, public and private, together with interest thereon calculated at the rate and in the manner set forth herein, the principal amount of FIVE MILLION TWO HUNDRED FIFTY SEVEN THOUSAND ONE HUNDRED TWENTY NINE and 16/100THS DOLLARS ($5,257,129.16), or so much thereof as may be advanced and outstanding hereunder. Payment of principal and interest shall be in accordance with the following provisions:

1.       **Payment.** Eleven (11) consecutive monthly payments of principal and interest, each in the amount of $37,446.87, shall be due and payable beginning on the 28th day of October, 2009, and continuing on the 28th day of each and every month thereafter to and including August 28, 2010. The entire unpaid principal balance, together with accrued but unpaid interest, shall be due and payable in full on September 28, 2010.

2.       **Interest Rate.** The applicable interest rate hereunder shall be computed on the basis of the fixed rate of five and one-half percent (5.5%) per annum. Interest will be computed on an actual/360 day basis.

3.       **Loan Documents.** The indebtedness evidenced hereby is further evidenced and secured by a Mortgage, Assignment of Rents and Leases and Security Agreement dated March 15, 2005 from Plash Island Resort, L.L.C., an Alabama limited liability company, to Lender (the "Mortgage") encumbering real property located in Baldwin County, Alabama as more particularly described in the Mortgage (the "Property").

4.       **Events of Default.** Upon the occurrence of any one or more of the following events ("Event of Default"):

(a)       Failure to make any payment of the principal of or interest on this Note when and as the same becomes due and payable; and

(b)       The occurrence of any other default or event of default specified in the Mortgage, or in any other instrument executed in connection with or securing this Note (collectively, the "Loan Documents") which is not cured within any cure period provided with respect thereto (if any),

1

then, or at any time thereafter during the continuance of any such event, the holder may, with or without notice to Borrower, declare this Note and entire indebtedness evidenced hereby to be immediately due and payable, whereupon this Note and the entire indebtedness evidenced hereby shall become immediately due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in any of the Loan Documents to the contrary notwithstanding.

5.      **Waivers.** Borrower hereby waive demand, presentment for payment, notice of dishonor, protest, and notice of protest and diligence in collection or bringing suit and agrees that the holder hereof may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unreleased collateral or the obligations evidenced hereby. Borrower further waives any and all rights of exemption, both as to personal and real property, under the constitution or laws of the United States, the State of Alabama, the State of Florida or any other state.

6.      **Late Fee.** Any scheduled payment of principal and/or interest which is not paid within ten (10) days from the date due will be subject to a late charge of five percent (5%) of such scheduled payment with a minimum late charge of $100.00 and a maximum late charge of $1,000.

7.      **Attorneys' Fees.** Borrower agrees to pay reasonable attorneys' fees and costs actually incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise.

8.      **Post Maturity Rate:** Borrower agrees to pay interest on the unpaid principal balance of this Note owing after maturity or acceleration, and until paid in full, at a rate equal to 18.0%.

9.      **Usury Savings Clause.** All agreements herein made are expressly limited so that in no event whatsoever, whether by reason of advancements of proceeds hereof, acceleration of maturity of the unpaid balance hereof, or otherwise, shall the interest and loan charges agreed to be paid to Lender for the use of the money advanced or to be advanced hereunder exceed the maximum amounts collectible under applicable laws in effect from time to time. If for any reason whatsoever the interest or loan charges paid or contracted to be paid in respect of the indebtedness evidenced hereby shall exceed the maximum amounts collectible under applicable laws in effect from time to time, then, *ipso facto*, the obligations to pay such interest and/or loan charges shall be reduced to the maximum amounts collectible under applicable laws in effect from time to time, and any amounts collected by Lender that exceed such maximum amounts shall be applied to the reduction of the principal balance remaining unpaid hereunder and/or refunded to Borrower so that at no time shall the interest or loan charges paid or payable in respect of the indebtedness evidenced hereby exceed the maximum amounts permitted from time to time by applicable law. This provision shall also control every other provision in any and all other Loan Documents now existing or hereafter arising between Borrower and Lender with respect to the indebtedness evidenced hereby.

10.     **Prepayment:** This Note may be prepaid in whole or in part at any time without penalty. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.

11.     **Miscellaneous.** As used herein, the terms "Borrower", "Lender" and "holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law. This Note is given under the seal of all parties hereto, and it is intended that this Note is and shall constitute and have the effect of a sealed instrument according to law. This Note has been negotiated and is being executed and delivered in Birmingham, in the State of Alabama, or if executed

2

elsewhere, shall become effective upon Lender's receipt and acceptance of the executed original of this Note in the State of Alabama; provided, however, that Lender shall have no obligation to give, nor shall Borrower be entitled to receive, any notice of such acceptance for this Note to become a binding obligation of Borrower. Borrower hereby submit to jurisdiction in the State of Alabama. This Note shall be governed by and be construed in accordance with the laws of the State of Alabama. It is intended, and Borrower and the holder hereof specifically agree, that the laws of the State of Alabama governing interest shall apply to this Note and to this transaction. This Note may not be modified except by written agreement signed by Borrower and the holder hereof, or by their respective successors or assigns; provided, however, that notwithstanding the foregoing, Lender may, at Lender's option, extend this Note or the debt represented by this Note, or any portion of this Note or debt, from time to time without limit or notice and for any term without affecting Borrower's liability for payment of this Note.

12. **RENEWAL/NO DEFENSES/RELEASES.** THIS NOTE RENEWS THAT CERTAIN PROMISSORY NOTE DATED AUGUST 27, 2008 MADE BY BORROWER IN FAVOR OF LENDER IN THE ORIGINAL PRINCIPAL AMOUNT OF $5,400,000.00 (THE "ORIGINAL NOTE"). BORROWER ACKNOWLEDGES, COVENANTS, AGREES, REPRESENTS AND WARRANTS THAT (I) ALL OF THE LOAN DOCUMENTS ARE IN FULL FORCE AND EFFECT, (II) ALL OF THE LOAN DOCUMENTS CONSTITUTE THE LEGAL, VALID AND BINDING OBLIGATIONS OF THE BORROWER ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH THEIR TERMS, (III) THIS NOTE CONSTITUTES THE LEGAL, VALID AND BINDING OBLIGATION OF BORROWER, AND IS ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH ITS TERMS, (IV) BORROWER HAS NO DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS, EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER, IN FAVOR OF BORROWER TO OR AGAINST ENFORCEMENT OF THE ORIGINAL NOTE, THIS NOTE, THE MORTGAGE, OR ANY OTHER LOAN DOCUMENTS AND/OR WITH RESPECT TO ANY ACTS OR OMISSIONS OF LENDER ON OR PRIOR TO THE DATE HEREOF, AND TO THE EXTENT ANY SUCH DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER MAY EXIST, WHETHER KNOWN OR UNKNOWN, THE SAME ARE HEREBY EXPRESSLY WAIVED, RELEASED AND DISCHARGED, AND (IV) NO AGREEMENT, ORAL OR OTHERWISE, HAS BEEN MADE BY ANY OF LENDER'S EMPLOYEES, AGENTS, OFFICERS OR DIRECTORS TO FURTHER EXTEND OR MODIFY THIS NOTE, THE MORTGAGE OR THE OTHER LOAN DOCUMENTS.

[signature pages follow]

3

IN WITNESS WHEREOF, Borrower has caused this Note to be executed, sealed and delivered as of the date first set forth above.

Plash Island Resort, L.L.C., an Alabama limited liability company

By: _____
Name: Alan C. Howard
Title: Member

By: _____
Name: Belvin C. Harper, Jr.
Title: Member

By: _____
Name: Ralph C. Parker
Title: Member

By:     Marcrum Development, L.L.C., an
        Alabama limited liability company, Member

     By: _____
     Name: Debra M. Massey
     Title: Manager member

     By: _____
     Name: Keith Rozenberry
     Title: Member

     By: _____
     Name: Lewis M. Lockhart
     Title: Member

     By: _____
     Name: Richard D. Rowe
     Title: Member

[signature page continues]

4

By: _____
Name: Rickey L. Lockhart
Title: Member

By: _____
Name: William R. Ivey
Title: Member

By: _____
Name: Michael W. McCain
Title: Member

By: _____
Name: Nikolaos Manakides
Title: Member

5

By: _____
Donna S. Marcrum, Personal
Representative of the
Estate of Gary L. Marcrum, Sr.

6

# **Exhibit B**

# GUARANTY

(1)     FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, the undersigned, jointly and severally (hereinafter collectively called "Guarantor") unconditionally guarantees and promises to pay to COASTAL BANK AND TRUST OF FLORIDA, formerly known as BANK OF PENSACOLA (hereinafter called "Bank") or order in lawful money of the United States, all Indebtedness of PLASH ISLAND RESORT, L.L.C., an Alabama limited liability company (hereinafter called "Borrower"), to Bank. The word "Indebtedness" as used herein shall mean all advances, debts, obligations, and liabilities of Borrower to Bank under and in accordance with (i) that certain Renewal Promissory Note of even date herewith made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION TWO HUNDRED FIFTY SEVEN THOUSAND ONE HUNDRED TWENTY NINE AND 16/100 DOLLARS ($5,257,129.16) (the "Note"), which Note is a renewal of that certain Promissory Note dated August 27, 2008 made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($5,400,000.00) (the "Prior Note"), and (ii) that certain Mortgage, Assignment of Leases and Rents and Security Agreement dated March 15, 2005 made by Borrower in favor of Bank, securing the Note (the "Mortgage"), which Mortgage secured certain real property more particularly described therein (the "Property") (the Note, the Mortgage and all other documents evidencing or securing the Indebtedness are hereinafter referred to collectively as the "Loan Documents"), whether recovery upon such Indebtedness may be or hereafter becomes barred by any statute of limitations or whether such Indebtedness may be now or hereafter becomes otherwise unenforceable.  This Guaranty renews and replaces that certain Guaranty dated August 27, 2008 executed by Guarantor in favor of Bank (the "Prior Guaranty"), which Prior Guaranty operated to guaranty the obligations of Borrower under the Prior Note.

(2)     This is a continuing Guaranty relating to the Indebtedness, including Indebtedness arising under successive advances or transactions which shall either continue Indebtedness or, from time to time, renew Indebtedness. In the event any sums or other things of value that are paid or transferred to or otherwise received by the Bank are rescinded, recovered, required to be returned, set aside, rendered void or otherwise adversely affected in any legal proceeding or for any cause whatsoever, including under any law, rule or regulation relative to bankruptcy, insolvency, fraudulent transfers or other relief of debtors, then this Guaranty shall continue to be effective or shall be revived and reinstated, as necessary, in order to give full effect to the Guarantor's liability hereunder, to the same extent as if such payment, transfer and/or receipt had never occurred. This Guaranty shall not release, modify, revoke or terminate any other guaranty heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or hereafter executed by Guarantor release, modify, revoke or terminate this Guaranty unless such other guaranty specifically refers to this Guaranty and the release, modification, revocation, or termination (as applicable) is accepted by Bank in writing.

(3)     The obligations of the Guarantor hereunder are independent of the obligations of Borrower, and a separate action or actions may be brought and prosecuted against the Guarantor whether action is brought against Borrower or any other guarantor of the Indebtedness or whether Borrower or other guarantor are joined in any such action or actions.

(4)     It is the intent hereof that this obligation of Guarantor shall be and remain unaffected, (a) by the existence or nonexistence, validity or invalidity, of any pledge, assignment, or conveyance given as security; or (b) by any understanding or agreement that any other person, firm, or corporation was or is to execute this or any other guaranty, any of the Loan Documents or other instruments evidencing the Indebtedness, or any part thereof, or any other document or instrument or was or is to provide collateral for any Indebtedness; or (c) by resort on the part of Bank, or failure of Bank to resort, to any other security or remedy for the collection of said Indebtedness; or (d) by the

1

death, bankruptcy, insolvency, dissolution, or incapacitation of the Guarantor, the Borrower, or any other person, and in case of any such death or bankruptcy, the failure of Bank to file a claim against the deceased Guarantor's estate or against such bankrupt's estate, or the failure of Bank to otherwise seek remedies as a consequence of such events.

(5)     The Guarantor authorizes Bank, without notice or demand and without affecting the Guarantor's liability hereunder, from time to time, to (a) renew, compromise, extend, accelerate, restate, consolidate, replace, refinance, or otherwise change the time for payment of, or otherwise change the terms of, the Indebtedness or any part thereof, including increasing or decreasing the rate of interest thereof; (b) take and hold security for the payment of this Guaranty or any of the Indebtedness and/or exchange, modify, enforce, waive, and release any such security; (c) apply such security and direct the order or manner of sale thereof as Bank, in its discretion, may determine; and/or (d) release or substitute the Borrower or other obligor, endorser, or other guarantors of all or any part of the Indebtedness (including, without limitation, the Guarantor.)

(6)     The Guarantor waives any right to require Bank (a) to proceed against the Borrower or any other guarantor of the Indebtedness; (b) to protect, preserve, proceed against, or exhaust any security held from Borrower; or (c) to pursue any other remedy in Bank's power whatsoever. The Guarantor waives any defense arising by reason of any disability or other defense of the Borrower or any other guarantor of the Indebtedness (including any defense based on or arising out of the unenforceability of any part of the Indebtedness for any cause whatsoever) or by reason of the cessation from any cause whatsoever of the liability of the Borrower or any other guarantor of the Indebtedness. Until all Indebtedness shall have been paid in full, even though such Indebtedness is in excess of Guarantor's liability hereunder, Guarantor shall not have any rights of subrogation, reimbursement, contribution, or indemnity or any right of recourse to any assets or properties of the Borrower or any other guarantor of the Indebtedness, and Guarantor waives (i) all such rights, if any, of subrogation, reimbursement, contribution, indemnity and recourse, (ii) any right to enforce any remedy which Bank now has or may hereafter have against the Borrower or any other guarantor of the Indebtedness, and (iii) any benefit of, and any right of recourse to or to participate in, any security now or hereafter held by Bank or otherwise constituting collateral for any Indebtedness. Guarantor waives all presentments, demands for performance, notices of nonperformance, notice of acceleration, notice of intent to accelerate, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty and of the existence, creation, or incurrence of new or additional Indebtedness, and waives any rights or defenses based, in whole or in part, upon an offset by the Borrower or any other guarantor of the Indebtedness against any obligation or indebtedness now or hereafter owed to the Borrower. Guarantor waives the benefit of any statute of limitations or other defenses affecting the Borrower's liability for the Indebtedness or the enforcement thereof or the Guarantor's liability hereunder or the enforcement thereof, and the Guarantor further agrees that any payment by the Borrower or other circumstances that operate to toll any statute of limitations as to the Borrower shall operate to toll the statute of limitations as to the Guarantor. Guarantor waives any rights to exemption under the Constitution of the State of Alabama or any other state as to any Indebtedness or obligation created hereunder.

(7)     In addition to all liens upon, and rights of setoff against, moneys, securities, or other property of the Guarantor given to Bank by law, Bank shall have and hereby is granted a lien upon, security interest in, and a right of setoff against, all moneys, securities, and other property of the Guarantor now or hereafter in the possession of or on deposit with Bank, whether held in a general or special account or deposit, or for safekeeping or otherwise; and every such lien, security interest and right of setoff may be exercised without demand upon or notice to the Guarantor. No lien, security interest, or right of setoff shall be deemed to have been waived by any act or conduct on the part of Bank, or by any failure to exercise such right of setoff, or to enforce such lien or security interest, or by any delay in so doing, and every right of setoff and lien shall continue in full force and effect until such right of setoff or lien specifically is waived or released in a written instrument executed by Bank.

2

(8)      Any indebtedness of Borrower to Guarantor, whether now existing, hereafter arising, secured or unsecured, and if secured, the security for same hereby is subordinated to the Indebtedness; and such subordinated Indebtedness, if Bank so requests, shall be collected, enforced, and received by Guarantor as trustee for Bank and be paid over to Bank on account of the Indebtedness, but without reducing or affecting in any manner the liability of Guarantor under this Guaranty.

(9)      If Borrower or Guarantor is a corporation, partnership, joint venture, trust, limited liability company, business organization, or enterprise, it shall not be necessary for Bank to inquire into the power or authority of Borrower or Guarantor or the officers, directors, partners, trustees, or agents acting or purporting to act on its behalf.

(10)     Guarantor shall pay attorney's fees and all other costs and expenses which are incurred by Bank in the enforcement of this Guaranty.

(11)     No right or power of Bank hereunder shall be deemed to have been waived by any act or conduct or failure or delay to act on the part of Bank or any of its agents, employees or representatives; and the terms and provisions hereof may not be waived, altered, modified, or amended except in writing duly signed by a duly authorized officer of the Bank. In the event that Bank shall waive in writing any provision or requirement hereunder, such waiver shall be effective only for the specific purposes, circumstances and duration stated in said waiver. Bank may, without notice, assign this Guaranty in whole or in part and each reference herein to Bank shall be deemed to include its successors and assigns. The provisions of this Guaranty are binding upon the Guarantor and the heirs, distributees, executors, administrators, legal representatives, personal representatives, successors and assigns thereof, and shall inure to the benefit of the Bank and each of its successors and assigns. THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE GUARANTOR AND THE BANK HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ALABAMA. Guarantor acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction, that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the State of Alabama, and that Guarantor's execution of this Guaranty will subject Guarantor to judicial jurisdiction in the State of Alabama. If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law. Except as expressly set forth in this Guaranty, this Guaranty is the entire agreement of the Guarantor and the Bank with respect to the guarantee of the Indebtedness by the Guarantor, and no representation, understanding, promise or condition concerning the subject matter hereof shall be binding upon the Bank unless expressed herein. Any notice by Guarantor to the Bank shall be effective only upon the actual receipt thereof by an officer of Bank at the address specified below, and in the event no such address is specified, at Bank's principal corporate office in Pensacola, Florida, Attention: President.

(12)     This Guaranty is given under the seal of the Guarantor, and it is intended that this Guaranty is and shall constitute and have the effect of a sealed instrument according to law.

(13)     GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS GUARANTY, THE INDEBTEDNESS, AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH OR THEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER WRITTEN OR ORAL) OR ACTIONS OF BANK, BORROWER OR GUARANTOR. THIS PROVISION IS A

3

MATERIAL INDUCEMENT FOR THE BANK ACCEPTING THIS GUARANTY AND MAKING THE CREDIT ACCOMMODATIONS TO THE BORROWER.

(14) GUARANTOR ACKNOWLEDGES, COVENANTS, AGREES, REPRESENTS AND WARRANTS TO BANK THAT (I) ALL THE LOAN DOCUMENTS ARE IN FULL FORCE AND EFFECT, (II) THE LOAN DOCUMENTS CONSTITUTE THE LEGAL, VALID AND BINDING OBLIGATIONS OF THE BORROWER ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH THEIR TERMS, (III) THIS GUARANTY CONSTITUTES THE LEGAL, VALID AND BINDING OBLIGATION OF GUARANTOR, AND IS ENFORCEABLE AGAINST GUARANTOR IN ACCORDANCE WITH ITS TERMS, (IV) GUARANTOR HAS NO DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS, EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER, IN FAVOR OF GUARANTOR TO OR AGAINST ENFORCEMENT OF THE PRIOR GUARANTY, THE PRIOR NOTE, THE NOTE OR ANY OTHER DOCUMENTS OR INSTRUMENTS EVIDENCING, SECURING OR OTHERWISE EXECUTED IN CONNECTION WITH ANY INDEBTEDNESS OF BORROWER TO BANK, AND/OR WITH RESPECT TO ANY ACTS OR OMISSIONS OF LENDER ON OR PRIOR TO THE DATE HEREOF, AND TO THE EXTENT ANY SUCH DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER MAY EXIST, WHETHER KNOWN OR UNKNOWN, THE SAME ARE HEREBY EXPRESSLY WAIVED, RELEASED AND DISCHARGE, AND (V) GUARANTOR HAS REVIEWED AND APPROVED THE TERMS OF THE NOTE.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this Guaranty effective as of September 28, 2009.

RICHARD D. ROWE

4

# **Exhibit C**

# GUARANTY

(1)     FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, the undersigned, jointly and severally (hereinafter collectively called "Guarantor") unconditionally guarantees and promises to pay to COASTAL BANK AND TRUST OF FLORIDA, formerly known as BANK OF PENSACOLA (hereinafter called "Bank") or order in lawful money of the United States, all Indebtedness of FLASH ISLAND RESORT, L.L.C., an Alabama limited liability company (hereinafter called "Borrower"), to Bank. The word "Indebtedness" as used herein shall mean all advances, debts, obligations, and liabilities of Borrower to Bank under and in accordance with (i) that certain Renewal Promissory Note of even date herewith made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION TWO HUNDRED FIFTY SEVEN THOUSAND ONE HUNDRED TWENTY NINE AND 16/100 DOLLARS ($5,257,129.16) (the "Note"), which Note is a renewal of that certain Promissory Note dated August 27, 2008 made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($5,400,000.00) (the "Prior Note"), and (ii) that certain Mortgage, Assignment of Leases and Rents and Security Agreement dated March 15, 2005 made by Borrower in favor of Bank, securing the Note (the "Mortgage"), which Mortgage secured certain real property more particularly described therein (the "Property") (the Note, the Mortgage and all other documents evidencing or securing the Indebtedness are hereinafter referred to collectively as the "Loan Documents"), whether recovery upon such Indebtedness may be or hereafter becomes barred by any statute of limitations or whether such Indebtedness may be now or hereafter becomes otherwise unenforceable.     This Guaranty renews that certain Guaranty dated August 27, 2008 executed by Gary L. Marcrum, Sr. in favor of Bank (the "Prior Guaranty"), which Prior Guaranty operated to guaranty the obligations of Borrower under the Prior Note.

(2)     This is a continuing Guaranty relating to the Indebtedness, including Indebtedness arising under successive advances or transactions which shall either continue Indebtedness or, from time to time, renew Indebtedness. In the event any sums or other things of value that are paid or transferred to or otherwise received by the Bank are rescinded, recovered, required to be returned, set aside, rendered void or otherwise adversely affected in any legal proceeding or for any cause whatsoever, including under any law, rule or regulation relative to bankruptcy, insolvency, fraudulent transfers or other relief of debtors, then this Guaranty shall continue to be effective or shall be revived and reinstated, as necessary, in order to give full effect to the Guarantor's liability hereunder, to the same extent as if such payment, transfer and/or receipt had never occurred. This Guaranty shall not release, modify, revoke or terminate any other guaranty heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or hereafter executed by Guarantor release, modify, revoke or terminate this Guaranty unless such other guaranty specifically refers to this Guaranty and the release, modification, revocation, or termination (as applicable) is accepted by Bank in writing.

(3)     The obligations of the Guarantor hereunder are independent of the obligations of Borrower, and a separate action or actions may be brought and prosecuted against the Guarantor whether action is brought against Borrower or any other guarantor of the Indebtedness or whether Borrower or other guarantor are joined in any such action or actions.

(4)     It is the intent hereof that this obligation of Guarantor shall be and remain unaffected, (a) by the existence or nonexistence, validity or invalidity, of any pledge, assignment, or conveyance given as security; or (b) by any understanding or agreement that any other person, firm, or corporation was or is to execute this or any other guaranty, any of the Loan Documents or other instruments evidencing the Indebtedness, or any part thereof, or any other document or instrument or was or is to provide collateral for any Indebtedness; or (c) by resort on the part of Bank, or failure of Bank to resort, to any other security or remedy for the collection of said Indebtedness; or (d) by the

1

death, bankruptcy, insolvency, dissolution, or incapacitation of the Guarantor, the Borrower, or any other person, and in case of any such death or bankruptcy, the failure of Bank to file a claim against the deceased Guarantor's estate or against such bankrupt's estate, or the failure of Bank to otherwise seek remedies as a consequence of such events.

(5)     The Guarantor authorizes Bank, without notice or demand and without affecting the Guarantor's liability hereunder, from time to time, to (a) renew, compromise, extend, accelerate, restate, consolidate, replace, refinance, or otherwise change the time for payment of, or otherwise change the terms of, the Indebtedness or any part thereof, including increasing or decreasing the rate of interest thereof; (b) take and hold security for the payment of this Guaranty or any of the Indebtedness and/or exchange, modify, enforce, waive, and release any such security; (c) apply such security and direct the order or manner of sale thereof as Bank, in its discretion, may determine; and/or (d) release or substitute the Borrower or other obligor, endorser, or other guarantors of all or any part of the Indebtedness (including, without limitation, the Guarantor.)

(6)     The Guarantor waives any right to require Bank (a) to proceed against the Borrower or any other guarantor of the Indebtedness; (b) to protect, preserve, proceed against, or exhaust any security held from Borrower; or (c) to pursue any other remedy in Bank's power whatsoever. The Guarantor waives any defense arising by reason of any disability or other defense of the Borrower or any other guarantor of the Indebtedness (including any defense based on or arising out of the unenforceability of any part of the Indebtedness for any cause whatsoever) or by reason of the cessation from any cause whatsoever of the liability of the Borrower or any other guarantor of the Indebtedness. Until all Indebtedness shall have been paid in full, even though such Indebtedness is in excess of Guarantor's liability hereunder, Guarantor shall not have any rights of subrogation, reimbursement, contribution, or indemnity or any right of recourse to any assets or properties of the Borrower or any other guarantor of the Indebtedness, and Guarantor waives (i) all such rights, if any, of subrogation, reimbursement, contribution, indemnity and recourse, (ii) any right to enforce any remedy which Bank now has or may hereafter have against the Borrower or any other guarantor of the Indebtedness, and (iii) any benefit of, and any right of recourse to or to participate in, any security now or hereafter held by Bank or otherwise constituting collateral for any Indebtedness. Guarantor waives all presentments, demands for performance, notices of nonperformance, notice of acceleration, notice of intent to accelerate, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty and of the existence, creation, or incurrence of new or additional Indebtedness, and waives any rights or defenses based, in whole or in part, upon an offset by the Borrower or any other guarantor of the Indebtedness against any obligation or indebtedness now or hereafter owed to the Borrower. Guarantor waives the benefit of any statute of limitations or other defenses affecting the Borrower's liability for the Indebtedness or the enforcement thereof or the Guarantor's liability hereunder or the enforcement thereof, and the Guarantor further agrees that any payment by the Borrower or other circumstances that operate to toll any statute of limitations as to the Borrower shall operate to toll the statute of limitations as to the Guarantor. Guarantor waives any rights to exemption under the Constitution of the State of Alabama or any other state as to any Indebtedness or obligation created hereunder.

(7)     In addition to all liens upon, and rights of setoff against, moneys, securities, or other property of the Guarantor given to Bank by law, Bank shall have and hereby is granted a lien upon, security interest in, and a right of setoff against, all moneys, securities, and other property of the Guarantor now or hereafter in the possession of or on deposit with Bank, whether held in a general or special account or deposit, or for safekeeping or otherwise; and every such lien, security interest and right of setoff may be exercised without demand upon or notice to the Guarantor. No lien, security interest, or right of setoff shall be deemed to have been waived by any act or conduct on the part of Bank, or by any failure to exercise such right of setoff, or to enforce such lien or security interest, or by any delay in so doing, and every right of setoff and lien shall continue in full force and effect until such right of setoff or lien specifically is waived or released in a written instrument executed by Bank.

2

(8)    Any indebtedness of Borrower to Guarantor, whether now existing, hereafter arising, secured or unsecured, and if secured, the security for same hereby is subordinated to the Indebtedness; and such subordinated Indebtedness, if Bank so requests, shall be collected, enforced, and received by Guarantor as trustee for Bank and be paid over to Bank on account of the Indebtedness, but without reducing or affecting in any manner the liability of Guarantor under this Guaranty.

(9)    If Borrower or Guarantor is a corporation, partnership, joint venture, trust, limited liability company, business organization, or enterprise, it shall not be necessary for Bank to inquire into the power or authority of Borrower or Guarantor or the officers, directors, partners, trustees, or agents acting or purporting to act on its behalf.

(10)    Guarantor shall pay attorney's fees and all other costs and expenses which are incurred by Bank in the enforcement of this Guaranty.

(11)    No right or power of Bank hereunder shall be deemed to have been waived by any act or conduct or failure or delay to act on the part of Bank or any of its agents, employees or representatives; and the terms and provisions hereof may not be waived, altered, modified, or amended except in writing duly signed by a duly authorized officer of the Bank. In the event that Bank shall waive in writing any provision or requirement hereunder, such waiver shall be effective only for the specific purposes, circumstances and duration stated in said waiver. Bank may, without notice, assign this Guaranty in whole or in part and each reference herein to Bank shall be deemed to include its successors and assigns. The provisions of this Guaranty are binding upon the Guarantor and the heirs, distributees, executors, administrators, legal representatives, personal representatives, successors and assigns thereof, and shall inure to the benefit of the Bank and each of its successors and assigns. THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE GUARANTOR AND THE BANK HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ALABAMA. Guarantor acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction, that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the State of Alabama, and that Guarantor's execution of this Guaranty will subject Guarantor to judicial jurisdiction in the State of Alabama. If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law. Except as expressly set forth in this Guaranty, this Guaranty is the entire agreement of the Guarantor and the Bank with respect to the guarantee of the Indebtedness by the Guarantor, and no representation, understanding, promise or condition concerning the subject matter hereof shall be binding upon the Bank unless expressed herein. Any notice by Guarantor to the Bank shall be effective only upon the actual receipt thereof by an officer of Bank at the address specified below, and in the event no such address is specified, at Bank's principal corporate office in Pensacola, Florida, Attention: President.

(12)    This Guaranty is given under the seal of the Guarantor, and it is intended that this Guaranty is and shall constitute and have the effect of a sealed instrument according to law.

(13)    GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS GUARANTY, THE INDEBTEDNESS, AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH OR THEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER WRITTEN OR ORAL) OR ACTIONS OF BANK, BORROWER OR GUARANTOR. THIS PROVISION IS A

3

MATERIAL INDUCEMENT FOR THE BANK ACCEPTING THIS GUARANTY AND MAKING THE CREDIT ACCOMMODATIONS TO THE BORROWER.

(14)   GUARANTOR ACKNOWLEDGES, COVENANTS, AGREES, REPRESENTS AND WARRANTS TO BANK THAT (I) ALL THE LOAN DOCUMENTS ARE IN FULL FORCE AND EFFECT, (II) THE LOAN DOCUMENTS CONSTITUTE THE LEGAL, VALID AND BINDING OBLIGATIONS OF THE BORROWER ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH THEIR TERMS, (III) THIS GUARANTY CONSTITUTES THE LEGAL, VALID AND BINDING OBLIGATION OF GUARANTOR, AND IS ENFORCEABLE AGAINST GUARANTOR IN ACCORDANCE WITH ITS TERMS, (IV) GUARANTOR HAS NO DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS, EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER, IN FAVOR OF GUARANTOR TO OR AGAINST ENFORCEMENT OF THE PRIOR GUARANTY, THE PRIOR NOTE, THE NOTE OR ANY OTHER DOCUMENTS OR INSTRUMENTS EVIDENCING, SECURING OR OTHERWISE EXECUTED IN CONNECTION WITH ANY INDEBTEDNESS OF BORROWER TO BANK, AND/OR WITH RESPECT TO ANY ACTS OR OMISSIONS OF LENDER ON OR PRIOR TO THE DATE HEREOF, AND TO THE EXTENT ANY SUCH DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER MAY EXIST, WHETHER KNOWN OR UNKNOWN, THE SAME ARE HEREBY EXPRESSLY WAIVED, RELEASED AND DISCHARGE, AND (V) GUARANTOR HAS REVIEWED AND APPROVED THE TERMS OF THE NOTE.

**IN WITNESS WHEREOF,** the undersigned Guarantor has executed this Guaranty effective as of September 28, 2009.

DONNA S. MARCRUM, PERSONAL
REPRESENTATIVE OF THE
ESTATE OF GARY L. MARCRUM, SR.

4

# **Exhibit D**

# GUARANTY

(1)    FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, the undersigned, jointly and severally (hereinafter collectively called "Guarantor") unconditionally guarantees and promises to pay to COASTAL BANK AND TRUST OF FLORIDA, formerly known as BANK OF PENSACOLA (hereinafter called "Bank") or order in lawful money of the United States, all Indebtedness of PLASH ISLAND RESORT, L.L.C., an Alabama limited liability company (hereinafter called "Borrower"), to Bank. The word "Indebtedness" as used herein shall mean all advances, debts, obligations, and liabilities of Borrower to Bank under and in accordance with (i) that certain Renewal Promissory Note of even date herewith made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION TWO HUNDRED FIFTY SEVEN THOUSAND ONE HUNDRED TWENTY NINE AND 16/100 DOLLARS ($5,257,129.16) (the "Note"), which Note is a renewal of that certain Promissory Note dated August 27, 2008 made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($5,400,000.00) (the "Prior Note"), and (ii) that certain Mortgage, Assignment of Leases and Rents and Security Agreement dated March 15, 2005 made by Borrower in favor of Bank, securing the Note (the "Mortgage"), which Mortgage secured certain real property more particularly described therein (the "Property") (the Note, the Mortgage and all other documents evidencing or securing the Indebtedness are hereinafter referred to collectively as the "Loan Documents"), whether recovery upon such Indebtedness may be or hereafter becomes barred by any statute of limitations or whether such Indebtedness may be now or hereafter becomes otherwise unenforceable. This Guaranty renews and replaces that certain Guaranty dated August 27, 2008 executed by Guarantor in favor of Bank (the "Prior Guaranty"), which Prior Guaranty operated to guaranty the obligations of Borrower under the Prior Note.

(2)    This is a continuing Guaranty relating to the Indebtedness, including Indebtedness arising under successive advances or transactions which shall either continue Indebtedness or, from time to time, renew Indebtedness. In the event any sums or other things of value that are paid or transferred to or otherwise received by the Bank are rescinded, recovered, required to be returned, set aside, rendered void or otherwise adversely affected in any legal proceeding or for any cause whatsoever, including under any law, rule or regulation relative to bankruptcy, insolvency, fraudulent transfers or other relief of debtors, then this Guaranty shall continue to be effective or shall be revived and reinstated, as necessary, in order to give full effect to the Guarantor's liability hereunder, to the same extent as if such payment, transfer and/or receipt had never occurred. This Guaranty shall not release, modify, revoke or terminate any other guaranty heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or hereafter executed by Guarantor release, modify, revoke or terminate this Guaranty unless such other guaranty specifically refers to this Guaranty and the release, modification, revocation, or termination (as applicable) is accepted by Bank in writing.

(3)    The obligations of the Guarantor hereunder are independent of the obligations of Borrower, and a separate action or actions may be brought and prosecuted against the Guarantor whether action is brought against Borrower or any other guarantor of the Indebtedness or whether Borrower or other guarantor are joined in any such action or actions.

(4)    It is the intent hereof that this obligation of Guarantor shall be and remain unaffected, (a) by the existence or nonexistence, validity or invalidity, of any pledge, assignment, or conveyance given as security; or (b) by any understanding or agreement that any other person, firm, or corporation was or is to execute this or any other guaranty, any of the Loan Documents or other instruments evidencing the Indebtedness, or any part thereof, or any other document or instrument or was or is to provide collateral for any Indebtedness; or (c) by resort on the part of Bank, or failure of Bank to resort, to any other security or remedy for the collection of said Indebtedness; or (d) by the

1

death, bankruptcy, insolvency, dissolution, or incapacitation of the Guarantor, the Borrower, or any other person, and in case of any such death or bankruptcy, the failure of Bank to file a claim against the deceased Guarantor's estate or against such bankrupt's estate, or the failure of Bank to otherwise seek remedies as a consequence of such events.

(5)     The Guarantor authorizes Bank, without notice or demand and without affecting the Guarantor's liability hereunder, from time to time, to (a) renew, compromise, extend, accelerate, restate, consolidate, replace, refinance, or otherwise change the time for payment of, or otherwise change the terms of, the Indebtedness or any part thereof, including increasing or decreasing the rate of interest thereof; (b) take and hold security for the payment of this Guaranty or any of the Indebtedness and/or exchange, modify, enforce, waive, and release any such security; (c) apply such security and direct the order or manner of sale thereof as Bank, in its discretion, may determine; and/or (d) release or substitute the Borrower or other obligor, endorser, or other guarantors of all or any part of the Indebtedness (including, without limitation, the Guarantor.)

(6)     The Guarantor waives any right to require Bank (a) to proceed against the Borrower or any other guarantor of the Indebtedness; (b) to protect, preserve, proceed against, or exhaust any security held from Borrower; or (c) to pursue any other remedy in Bank's power whatsoever. The Guarantor waives any defense arising by reason of any disability or other defense of the Borrower or any other guarantor of the Indebtedness (including any defense based on or arising out of the unenforceability of any part of the Indebtedness for any cause whatsoever) or by reason of the cessation from any cause whatsoever of the liability of the Borrower or any other guarantor of the Indebtedness. Until all Indebtedness shall have been paid in full, even though such Indebtedness is in excess of Guarantor's liability hereunder, Guarantor shall not have any rights of subrogation, reimbursement, contribution, or indemnity or any right of recourse to any assets or properties of the Borrower or any other guarantor of the Indebtedness, and Guarantor waives (i) all such rights, if any, of subrogation, reimbursement, contribution, indemnity and recourse, (ii) any right to enforce any remedy which Bank now has or may hereafter have against the Borrower or any other guarantor of the Indebtedness, and (iii) any benefit of, and any right of recourse to or to participate in, any security now or hereafter held by Bank or otherwise constituting collateral for any Indebtedness. Guarantor waives all presentments, demands for performance, notices of nonperformance, notice of acceleration, notice of intent to accelerate, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty and of the existence, creation, or incurrence of new or additional Indebtedness, and waives any rights or defenses based, in whole or in part, upon an offset by the Borrower or any other guarantor of the Indebtedness against any obligation or indebtedness now or hereafter owed to the Borrower. Guarantor waives the benefit of any statute of limitations or other defenses affecting the Borrower's liability for the Indebtedness or the enforcement thereof or the Guarantor's liability hereunder or the enforcement thereof, and the Guarantor further agrees that any payment by the Borrower or other circumstances that operate to toll any statute of limitations as to the Borrower shall operate to toll the statute of limitations as to the Guarantor. Guarantor waives any rights to exemption under the Constitution of the State of Alabama or any other state as to any Indebtedness or obligation created hereunder.

(7)     In addition to all liens upon, and rights of setoff against, moneys, securities, or other property of the Guarantor given to Bank by law, Bank shall have and hereby is granted a lien upon, security interest in, and a right of setoff against, all moneys, securities, and other property of the Guarantor now or hereafter in the possession of or on deposit with Bank, whether held in a general or special account or deposit, or for safekeeping or otherwise; and every such lien, security interest and right of setoff may be exercised without demand upon or notice to the Guarantor. No lien, security interest, or right of setoff shall be deemed to have been waived by any act or conduct on the part of Bank, or by any failure to exercise such right of setoff, or to enforce such lien or security interest, or by any delay in so doing, and every right of setoff and lien shall continue in full force and effect until such right of setoff or lien specifically is waived or released in a written instrument executed by Bank.

2

(8)     Any indebtedness of Borrower to Guarantor, whether now existing, hereafter arising, secured or unsecured, and if secured, the security for same hereby is subordinated to the Indebtedness; and such subordinated Indebtedness, if Bank so requests, shall be collected, enforced, and received by Guarantor as trustee for Bank and be paid over to Bank on account of the Indebtedness, but without reducing or affecting in any manner the liability of Guarantor under this Guaranty.

(9)     If Borrower or Guarantor is a corporation, partnership, joint venture, trust, limited liability company, business organization, or enterprise, it shall not be necessary for Bank to inquire into the power or authority of Borrower or Guarantor or the officers, directors, partners, trustees, or agents acting or purporting to act on its behalf.

(10)     Guarantor shall pay attorney's fees and all other costs and expenses which are incurred by Bank in the enforcement of this Guaranty.

(11)     No right or power of Bank hereunder shall be deemed to have been waived by any act or conduct or failure or delay to act on the part of Bank or any of its agents, employees or representatives; and the terms and provisions hereof may not be waived, altered, modified, or amended except in writing duly signed by a duly authorized officer of the Bank. In the event that Bank shall waive in writing any provision or requirement hereunder, such waiver shall be effective only for the specific purposes, circumstances and duration stated in said waiver. Bank may, without notice, assign this Guaranty in whole or in part and each reference herein to Bank shall be deemed to include its successors and assigns. The provisions of this Guaranty are binding upon the Guarantor and the heirs, distributees, executors, administrators, legal representatives, personal representatives, successors and assigns thereof, and shall inure to the benefit of the Bank and each of its successors and assigns. THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE GUARANTOR AND THE BANK HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ALABAMA. Guarantor acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction, that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the State of Alabama, and that Guarantor's execution of this Guaranty will subject Guarantor to judicial jurisdiction in the State of Alabama. If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law. Except as expressly set forth in this Guaranty, this Guaranty is the entire agreement of the Guarantor and the Bank with respect to the guarantee of the Indebtedness by the Guarantor, and no representation, understanding, promise or condition concerning the subject matter hereof shall be binding upon the Bank unless expressed herein. Any notice by Guarantor to the Bank shall be effective only upon the actual receipt thereof by an officer of Bank at the address specified below, and in the event no such address is specified, at Bank's principal corporate office in Pensacola, Florida, Attention: President.

(12)     This Guaranty is given under the seal of the Guarantor, and it is intended that this Guaranty is and shall constitute and have the effect of a sealed instrument according to law.

(13)     GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS GUARANTY, THE INDEBTEDNESS, AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH OR THEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER WRITTEN OR ORAL) OR ACTIONS OF BANK, BORROWER OR GUARANTOR. THIS PROVISION IS A

3

MATERIAL INDUCEMENT FOR THE BANK ACCEPTING THIS GUARANTY AND MAKING THE CREDIT ACCOMMODATIONS TO THE BORROWER.

(14)   GUARANTOR ACKNOWLEDGES, COVENANTS, AGREES, REPRESENTS AND WARRANTS TO BANK THAT (I) ALL THE LOAN DOCUMENTS ARE IN FULL FORCE AND EFFECT, (II) THE LOAN DOCUMENTS CONSTITUTE THE LEGAL, VALID AND BINDING OBLIGATIONS OF THE BORROWER ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH THEIR TERMS, (III) THIS GUARANTY CONSTITUTES THE LEGAL, VALID AND BINDING OBLIGATION OF GUARANTOR, AND IS ENFORCEABLE AGAINST GUARANTOR IN ACCORDANCE WITH ITS TERMS, (IV) GUARANTOR HAS NO DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS, EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER, IN FAVOR OF GUARANTOR TO OR AGAINST ENFORCEMENT OF THE PRIOR GUARANTY, THE PRIOR NOTE, THE NOTE OR ANY OTHER DOCUMENTS OR INSTRUMENTS EVIDENCING, SECURING OR OTHERWISE EXECUTED IN CONNECTION WITH ANY INDEBTEDNESS OF BORROWER TO BANK, AND/OR WITH RESPECT TO ANY ACTS OR OMISSIONS OF LENDER ON OR PRIOR TO THE DATE HEREOF, AND TO THE EXTENT ANY SUCH DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER MAY EXIST, WHETHER KNOWN OR UNKNOWN, THE SAME ARE HEREBY EXPRESSLY WAIVED, RELEASED AND DISCHARGE, AND (V) GUARANTOR HAS REVIEWED AND APPROVED THE TERMS OF THE NOTE.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this Guaranty effective as of September 28, 2009.

RALPH C. PARKER

4

# Exhibit E

# GUARANTY

(1) FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, the undersigned, jointly and severally (hereinafter collectively called "Guarantor") unconditionally guarantees and promises to pay to COASTAL BANK AND TRUST OF FLORIDA, formerly known as BANK OF PENSACOLA (hereinafter called "Bank") or order in lawful money of the United States, all Indebtedness of PLASH ISLAND RESORT, L.L.C., an Alabama limited liability company (hereinafter called "Borrower"), to Bank. The word "Indebtedness" as used herein shall mean all advances, debts, obligations, and liabilities of Borrower to Bank under and in accordance with (i) that certain Renewal Promissory Note of even date herewith made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION TWO HUNDRED FIFTY SEVEN THOUSAND ONE HUNDRED TWENTY NINE AND 16/100 DOLLARS ($5,257,129.16) (the "Note"), which Note is a renewal of that certain Promissory Note dated August 27, 2008 made by Borrower in favor of Bank, in the original principal amount of FIVE MILLION FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($5,400,000.00) (the "Prior Note"), and (ii) that certain Mortgage, Assignment of Leases and Rents and Security Agreement dated March 15, 2005 made by Borrower in favor of Bank, securing the Note (the "Mortgage"), which Mortgage secured certain real property more particularly described therein (the "Property") (the Note, the Mortgage and all other documents evidencing or securing the Indebtedness are hereinafter referred to collectively as the "Loan Documents"), whether recovery upon such Indebtedness may be or hereafter becomes barred by any statute of limitations or whether such Indebtedness may be now or hereafter becomes otherwise unenforceable. This Guaranty renews and replaces that certain Guaranty dated August 27, 2008 executed by Guarantor in favor of Bank (the "Prior Guaranty"), which Prior Guaranty operated to guaranty the obligations of Borrower under the Prior Note.

(2) This is a continuing Guaranty relating to the Indebtedness, including Indebtedness arising under successive advances or transactions which shall either continue Indebtedness or, from time to time, renew Indebtedness. In the event any sums or other things of value that are paid or transferred to or otherwise received by the Bank are rescinded, recovered, required to be returned, set aside, rendered void or otherwise adversely affected in any legal proceeding or for any cause whatsoever, including under any law, rule or regulation relative to bankruptcy, insolvency, fraudulent transfers or other relief of debtors, then this Guaranty shall continue to be effective or shall be revived and reinstated, as necessary, in order to give full effect to the Guarantor's liability hereunder, to the same extent as if such payment, transfer and/or receipt had never occurred. This Guaranty shall not release, modify, revoke or terminate any other guaranty heretofore or hereafter executed by the Guarantor; nor shall any other guaranty heretofore or hereafter executed by Guarantor release, modify, revoke or terminate this Guaranty unless such other guaranty specifically refers to this Guaranty and the release, modification, revocation, or termination (as applicable) is accepted by Bank in writing.

(3) The obligations of the Guarantor hereunder are independent of the obligations of Borrower, and a separate action or actions may be brought and prosecuted against the Guarantor whether action is brought against Borrower or any other guarantor of the Indebtedness or whether Borrower or other guarantor are joined in any such action or actions.

(4) It is the intent hereof that this obligation of Guarantor shall be and remain unaffected, (a) by the existence or nonexistence, validity or invalidity, of any pledge, assignment, or conveyance given as security; or (b) by any understanding or agreement that any other person, firm, or corporation was or is to execute this or any other guaranty, any of the Loan Documents or other instruments evidencing the Indebtedness, or any part thereof, or any other document or instrument or was or is to provide collateral for any Indebtedness; or (c) by resort on the part of Bank, or failure of Bank to resort, to any other security or remedy for the collection of said indebtedness; or (d) by the

1

death, bankruptcy, insolvency, dissolution, or incapacitation of the Guarantor, the Borrower, or any other person, and in case of any such death or bankruptcy, the failure of Bank to file a claim against the deceased Guarantor's estate or against such bankrupt's estate, or the failure of Bank to otherwise seek remedies as a consequence of such events.

(5)      The Guarantor authorizes Bank, without notice or demand and without affecting the Guarantor's liability hereunder, from time to time, to (a) renew, compromise, extend, accelerate, restate, consolidate, replace, refinance, or otherwise change the time for payment of, or otherwise change the terms of, the Indebtedness or any part thereof, including increasing or decreasing the rate of interest thereof; (b) take and hold security for the payment of this Guaranty or any of the Indebtedness and/or exchange, modify, enforce, waive, and release any such security; (c) apply such security and direct the order or manner of sale thereof as Bank, in its discretion, may determine; and/or (d) release or substitute the Borrower or other obligor, endorser, or other guarantors of all or any part of the Indebtedness (including, without limitation, the Guarantor.)

(6)      The Guarantor waives any right to require Bank (a) to proceed against the Borrower or any other guarantor of the Indebtedness; (b) to protect, preserve, proceed against, or exhaust any security held from Borrower; or (c) to pursue any other remedy in Bank's power whatsoever. The Guarantor waives any defense arising by reason of any disability or other defense of the Borrower or any other guarantor of the Indebtedness (including any defense based on or arising out of the unenforceability of any part of the Indebtedness for any cause whatsoever) or by reason of the cessation from any cause whatsoever of the liability of the Borrower or any other guarantor of the Indebtedness. Until all Indebtedness shall have been paid in full, even though such indebtedness is in excess of Guarantor's liability hereunder, Guarantor shall not have any rights of subrogation, reimbursement, contribution, or indemnity or any right of recourse to any assets or properties of the Borrower or any other guarantor of the Indebtedness, and Guarantor waives (i) all such rights, if any, of subrogation, reimbursement, contribution, indemnity and recourse, (ii) any right to enforce any remedy which Bank now has or may hereafter have against the Borrower or any other guarantor of the Indebtedness, and (iii) any benefit of, and any right of recourse to or to participate in, any security now or hereafter held by Bank or otherwise constituting collateral for any Indebtedness. Guarantor waives all presentments, demands for performance, notices of nonperformance, notice of acceleration, notice of intent to accelerate, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty and of the existence, creation, or incurrence of new or additional Indebtedness, and waives any rights or defenses based, in whole or in part, upon an offset by the Borrower or any other guarantor of the Indebtedness against any obligation or indebtedness now or hereafter owed to the Borrower. Guarantor waives the benefit of any statute of limitations or other defenses affecting the Borrower's liability for the Indebtedness or the enforcement thereof or the Guarantor's liability hereunder or the enforcement thereof, and the Guarantor further agrees that any payment by the Borrower or other circumstances that operate to toll any statute of limitations as to the Borrower shall operate to toll the statute of limitations as to the Guarantor. Guarantor waives any rights to exemption under the Constitution of the State of Alabama or any other state as to any Indebtedness or obligation created hereunder.

(7)      In addition to all liens upon, and rights of setoff against, moneys, securities, or other property of the Guarantor given to Bank by law, Bank shall have and hereby is granted a lien upon, security interest in, and a right of setoff against, all moneys, securities, and other property of the Guarantor now or hereafter in the possession of or on deposit with Bank, whether held in a general or special account or deposit, or for safekeeping or otherwise; and every such lien, security interest and right of setoff may be exercised without demand upon or notice to the Guarantor. No lien, security interest, or right of setoff shall be deemed to have been waived by any act or conduct on the part of Bank, or by any failure to exercise such right of setoff, or to enforce such lien or security interest, or by any delay in so doing, and every right of setoff and lien shall continue in full force and effect until such right of setoff or lien specifically is waived or released in a written instrument executed by Bank.

2

(8)     Any indebtedness of Borrower to Guarantor, whether now existing, hereafter arising, secured or unsecured, and if secured, the security for same hereby is subordinated to the Indebtedness; and such subordinated Indebtedness, if Bank so requests, shall be collected, enforced, and received by Guarantor as trustee for Bank and be paid over to Bank on account of the Indebtedness, but without reducing or affecting in any manner the liability of Guarantor under this Guaranty.

(9)     If Borrower or Guarantor is a corporation, partnership, joint venture, trust, limited liability company, business organization, or enterprise, it shall not be necessary for Bank to inquire into the power or authority of Borrower or Guarantor or the officers, directors, partners, trustees, or agents acting or purporting to act on its behalf.

(10)     Guarantor shall pay attorney's fees and all other costs and expenses which are incurred by Bank in the enforcement of this Guaranty.

(11)     No right or power of Bank hereunder shall be deemed to have been waived by any act or conduct or failure or delay to act on the part of Bank or any of its agents, employees or representatives; and the terms and provisions hereof may not be waived, altered, modified, or amended except in writing duly signed by a duly authorized officer of the Bank. In the event that Bank shall waive in writing any provision or requirement hereunder, such waiver shall be effective only for the specific purposes, circumstances and duration stated in said waiver. Bank may, without notice, assign this Guaranty in whole or in part and each reference herein to Bank shall be deemed to include its successors and assigns. The provisions of this Guaranty are binding upon the Guarantor and the heirs, distributees, executors, administrators, legal representatives, personal representatives, successors and assigns thereof, and shall inure to the benefit of the Bank and each of its successors and assigns. THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE GUARANTOR AND THE BANK HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ALABAMA. Guarantor acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction, that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the State of Alabama, and that Guarantor's execution of this Guaranty will subject Guarantor to judicial jurisdiction in the State of Alabama. If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law. Except as expressly set forth in this Guaranty, this Guaranty is the entire agreement of the Guarantor and the Bank with respect to the guarantee of the Indebtedness by the Guarantor, and no representation, understanding, promise or condition concerning the subject matter hereof shall be binding upon the Bank unless expressed herein. Any notice by Guarantor to the Bank shall be effective only upon the actual receipt thereof by an officer of Bank at the address specified below, and in the event no such address is specified, at Bank's principal corporate office in Pensacola, Florida, Attention: President.

(12)     This Guaranty is given under the seal of the Guarantor, and it is intended that this Guaranty is and shall constitute and have the effect of a sealed instrument according to law.

(13)     GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS GUARANTY, THE INDEBTEDNESS, AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH OR THEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER WRITTEN OR ORAL) OR ACTIONS OF BANK, BORROWER OR GUARANTOR. THIS PROVISION IS A

3

MATERIAL INDUCEMENT FOR THE BANK ACCEPTING THIS GUARANTY AND MAKING THE CREDIT ACCOMMODATIONS TO THE BORROWER.

(14) GUARANTOR ACKNOWLEDGES, COVENANTS, AGRÉES, REPRESENTS AND WARRANTS TO BANK THAT (I) ALL THE LOAN DOCUMENTS ARE IN FULL FORCE AND EFFECT, (II) THE LOAN DOCUMENTS CONSTITUTE THE LEGAL, VALID AND BINDING OBLIGATIONS OF THE BORROWER ENFORCEABLE AGAINST BORROWER IN ACCORDANCE WITH THEIR TERMS, (III) THIS GUARANTY CONSTITUTES THE LEGAL, VALID AND BINDING OBLIGATION OF GUARANTOR, AND IS ENFORCEABLE AGAINST GUARANTOR IN ACCORDANCE WITH ITS TERMS, (IV) GUARANTOR HAS NO DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS, EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER, IN FAVOR OF GUARANTOR TO OR AGAINST ENFORCEMENT OF THE PRIOR GUARANTY, THE PRIOR NOTE, THE NOTE OR ANY OTHER DOCUMENTS OR INSTRUMENTS EVIDENCING, SECURING OR OTHERWISE EXECUTED IN CONNECTION WITH ANY INDEBTEDNESS OF BORROWER TO BANK, AND/OR WITH RESPECT TO ANY ACTS OR OMISSIONS OF LENDER ON OR PRIOR TO THE DATE HEREOF, AND TO THE EXTENT ANY SUCH DEFENSES, SETOFFS, RIGHTS OF RECOUPMENT, COUNTERCLAIMS EQUITIES, ACTIONS OR CLAIMS OF ANY NATURE WHATSOEVER MAY EXIST, WHETHER KNOWN OR UNKNOWN, THE SAME ARE HEREBY EXPRESSLY WAIVED, RELEASED AND DISCHARGE, AND (V) GUARANTOR HAS REVIEWED AND APPROVED THE TERMS OF THE NOTE.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this Guaranty effective as of September 28, 2009.

WILLIAM R. IVEY

4